Jason E. Barsanti (SBN 235807)
jbarsanti@cozen.com
**COZEN O'CONNOR**
501 W. Broadway, Suite 1610
San Diego, CA 92101
Telephone: 619-234-1700
Facsimile: 619-234-7831

Ethan W. Chernin (SBN 273906)
echernin@cozen.com
**COZEN O'CONNOR**
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Telephone: 310-393-4000
Facsimile: 310-394-4700

Brett Greving (SBN 270883)
bgreving@cozen.com
**COZEN O'CONNOR**
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: 415-644-0914
Facsimile: 415-644-0978

Attorneys for Defendant
**CARGILL MEAT SOLUTIONS CORPORATION**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARIN, SAMANTHA LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; And DOES 1 - 50, inclusive,<br><br>Defendant. | Case No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446, AND 1453**<br><br>Complaint Filed: February 23, 2022<br><br>Removed: May 12, 2022 |

# TABLE OF CONTENTS

**Page**

I.   PLEADINGS, PROCESS AND ORDERS ...............................................................1

II.  THIS COURT HAS JURISDICTION....................................................................1

III. VENUE IS PROPER ...........................................................................................2

IV. DEFENDANT HAS SATISFIED THE REQUIREMENTS FOR REMOVAL.....2

    A.   This Removal Petition is Timely ...............................................................2

    B.   The Procedural Requirements of Removal Are Met....................................2

V.   THIS COURT HAS JURISDICTION UNDER CAFA ..........................................3

    A.   Plaintiffs Assert a Class Action Against Defendant ..................................4

    B.   The Number of Putative Class Members Exceeds 100..............................4

    C.   Defendant is not a Governmental Entity....................................................5

    D.   There Is Diversity Between At Least One Class Member
        And Any One Defendant.............................................................................5

    E.   The Amount in Controversy Exceeds $5,000,000 ....................................6

VI. CONCLUSION...................................................................................................9

LEGAL\57713540\1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bodner v. Oreck Direct, LLC*,
No. C 0604756, 2006 WL 2925691 (N.D. Cal. Oct. 12, 2006) ...............................4

*Dart Cherokee Basin Operating Co. v. Owens*,
135 S.Ct. 547 (2014).............................................................................................3

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...............................................................................13

*Hertz Corp. v. Friend*,
130 U.S. 1181 (2010) ...............................................................................................5

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002) ...............................................................6, 10

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) .....................................................................................5

*Lewis v. Verizon Communications, Inc.*,
627 F.3d 395 (9th Cir. 2010) ....................................................................................6

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
479 F.3d 994 (9th Cir. 2007) ...................................................................................13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999)...................................................................................................2

*Rippee v. Boston Market Corp.*,
408 F. Supp. 2d 982 (S.D. Cal. 2005) .......................................................................6

*Standard Fire Ins. Co. v. Knowles*,
133 S.Ct. 1345 (2013).............................................................................................13

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir. 1994) .....................................................................................5

*Valdez v. Allstate Ins. Co.*,
372 F.3d 1115 (9th Cir. 2004) ...................................................................................6

-ii-

**TABLE OF AUTHORITIES**

**State Cases**

*Cortez v. Purolator Air Filtration Products Co.*,
   23 Cal. 4th 163 (2000) ................................................................................ 7

*Pineda v. Bank of Am., N.A.*,
   50 Cal. 4th 1389 (2010) ............................................................................. 11

**Federal Statutes**

28 U.S.C. § 84(a) ...................................................................................................... 2

28 U.S.C. § 1331 ................................................................................................... 1, 2

28 U.S.C. § 1332(c)(1) .............................................................................................. 5

28 U.S.C. § 1332(d)(1)(B) ......................................................................................... 3

28 U.S.C. § 1332(d)(2) ........................................................................................... 1, 3

28 U.S.C. § 1332(d)(2)(A) ...................................................................................... 5, 6

28 U.S.C. § 1332(d)(5) .............................................................................................. 3

28 U.S.C. § 1332(d)(5)(B) ......................................................................................... 5

28 U.S.C. § 1332(d)(6) ........................................................................................... 3, 7

28 U.S.C. § 1391 ...................................................................................................... 2

28 U.S.C. § 1441 ................................................................................................. 1, 14

28 U.S.C. § 1446 ................................................................................................... 1, 2

28 U.S.C. § 1446(a) .............................................................................................. 2, 3

28 U.S.C. § 1446(b) .................................................................................................. 2

28 U.S.C. § 1446(d) .................................................................................................. 2

28 U.S.C. § 1453 ............................................................................................... 1, 2, 6

Class Action Fairness Act of 2005 29 U.S.C. § 1332(d) ................................. *passim*

TABLE OF AUTHORITIES

LEGAL\57713540\1

**State Statutes**

Cal. Bus. & Prof. Code § 17200 .................................................................. 1

Cal. Bus. & Prof. Code § 17208 .................................................................. 7

Cal. Code Civ. Proc. § 338(a) .................................................................... 11

Cal. Code Civ. Proc. § 340(a) .................................................................... 12

Cal. Code Civ. Proc. § 382 ......................................................................... 4

California Labor Code § 201 ................................................................. 1, 12

California Labor Code § 202 ........................................................................ 1

California Labor Code § 204 ................................................................. 1, 12

California Labor Code § 226 ...................................................................... 12

California Labor Code § 226(a) .................................................................... 1

California Labor Code § 226.7 ..................................................................... 1

California Labor Code § 510 ........................................................................ 1

California Labor Code § 512(a) .................................................................... 1

California Labor Code § 1174(d) ................................................................. 1

California Labor Code § 1194 ...................................................................... 1

California Labor Code § 1197 ...................................................................... 1

California Labor Code § 1197.1 ................................................................... 1

California Labor Code § 1198 ...................................................................... 1

California Labor Code § 2698 ...................................................................... 1

California Labor Code § 2800 ...................................................................... 1

California Labor Code § 2802 ...................................................................... 1

California Unfair Competition Law .............................................................. 7

TABLE OF AUTHORITIES

**Rules**

Federal Rule of Civil Procedure, Rule 6(a)(1)(C) ........................................................... 2

Federal Rules of Civil Procedure, Rule 8(a) ................................................................... 3

Federal Rules of Civil Procedure, Rule 11 ..................................................................... 2

Federal Rules of Civil Procedure, Rule 23 ..................................................................... 3

**Regulations**

Senate Judiciary Committee Report, S. REP. 109-14 .................................................. 6, 7

**Other Authorities**

*Lara v. Trimac Transp. Servs. Inc.*,
   No. CV 10- 4280-GHK .............................................................................................. 6

TABLE OF AUTHORITIES

LEGAL\57713540\1

PLEASE TAKE NOTICE that Defendant CARGILL MEAT SOLUTIONS CORPORATION ("CMSC" or "Defendant"), hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446, and 1453. In support thereof, Defendant states as follows:

## I.   PLEADINGS, PROCESS AND ORDERS

1.      On February 23, 2022, this putative class action was commenced and is currently pending against Defendant in the Superior Court of California, County of Fresno as Case No. 22CECG00573, entitled *RICHARD MARIN, SAMANTHA LOPEZ, on behalf of the general public as private attorney general, Plaintiffs, vs. CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; and DOES 1 - 50, inclusive, Defendant.*

2.      The Complaint asserted the following causes of action: (1) failure to pay wages including overtime as required by California Labor Code §§ 510 and 1194; (2) failure to provide meal periods as required by California Labor Code §§ 226.7, 512 and IWC Wage Orders; (3) failure to provide rest periods as required by California Labor Code §§ 226.7, 512; (4) failure to pay timely wages as required by California Labor Code § 203; (5) failure to provide accurate itemized wage statements as required by California Labor Code § 226; (6) failure to provide day of rest as required by California Labor Code §§ 551 and 552; (7) failure to indemnify necessary business expenses as required by California Labor Code § 2802; (8) failure to accurately record and pay sick leave as required by California Labor Code § 246; (9) unlawful deductions pursuant to California Labor Code § 221; and (10) violation of California Business & Professions Code §§ 17200, et. seq. (**Exhibit A**, Complaint.)

## II.   THIS COURT HAS JURISDICTION

3.      This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") 29 U.S.C. § 1332(d), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class

action with a putative class of more than a hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1446 and 1453. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

4.     Pursuant to 28 U.S.C. § 1446(a), a notice of removal must: (1) be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, (2) contain a "short and plain statement of the grounds for removal," and (3) be accompanied by a copy of all process, pleadings, and orders served on Defendant in the action.

## III.    VENUE IS PROPER

5.     With respect to this petition for removal, venue is proper in this Court pursuant to 28 U.S.C. sections 84(b), 1391 and 1446, this action was originally brought in the Superior Court of California for the County of Fresno (Case No. 22CECG00573).

## IV.    DEFENDANT SATISFIED THE REQUIREMENTS FOR REMOVAL

### A.     This Removal Petition is Timely

6.     Plaintiffs personally served Defendant with the Summons and Complaint on April 15, 2022, as is attested by Plaintiffs' Notice of Service of Process in **Exhibit B**. Pursuant to 28 U.S.C. section 1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), this Notice of Removal is timely filed as it is filed within thirty (30) days after Defendant was served with the Summons and Complaint and within one (1) year after commencement of this action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999) (30-day removal period runs from the service of the summons and complaint).

### B.     The Procedural Requirements of Removal Are Met

7.     On May 12, 2022, prior to the filing of Defendant's Notice of Removal,

Defendant filed and served an Answer to Plaintiffs' Complaint in Fresno Superior Court. A true and correct copy of the Answer and the accompanying proof of service is attached as **Exhibit C**.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached hereto as **Exhibit D** to this Notice of Removal (with the exception of Plaintiffs' Complaint, which is attached as **Exhibit A**.)

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a "Notice to State Court and Adverse Parties of Removal of Action" (to include a copy of this Notice of Removal and all Exhibits) will be promptly filed with the Clerk of the Superior Court in Fresno County, and served on all other parties to this action.

## V.   THIS COURT HAS JURISDICTION UNDER CAFA

10. In its decision in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014), the United States Supreme Court clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of removing Defendant. Specifically the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the same liberal pleading standards applied to complaints must also apply to notices of removal. *Id*. The Supreme Court also held in *Dart* that a removing defendant is **not required** to include evidence with its pleading in order to establish that the elements of federal subject matter jurisdiction are met. *Id.* at 552-553. Only if the Court or another party challenges jurisdiction should the Court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the Plaintiffs contests, or the court questions, the defendant's allegation." *Id.* at 554. In

addition, there exists no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id*.

11.     Under CAFA, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), d(5), and (d)(6). CAFA applies to certain "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).

## A.     Plaintiffs Assert a Class Action Against Defendant

12.     Plaintiffs clearly bring their lawsuit as a class action. The Complaint caption is titled "CLASS ACTION COMPLAINT." Plaintiffs state in the very first paragraph that the case is a class action pursuant to California Code of Civil Procedure § 382. (**Exhibit A**, Complaint at Caption and ¶¶ 1, 12.) Accordingly, CAFA applies. *See Bodner v. Oreck Direct, LLC*, No. C 0604756, 2006 WL 2925691, at \*3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").

## B.     The Number of Putative Class Members Exceeds 100

13.     Plaintiffs seek to represent a class of all California citizens currently and formerly employed by Defendant as non-exempt employees in the State of California through the date of class certification. ("Class") (**Exhibit A**, Complaint at ¶ 12.)

14.     Plaintiffs' Complaint alleges that Defendant employed an excess of 100 non-exempt employees during the four year statutory period. (**Exhibit A**, Complaint at ¶ 17.) Thus, as defined in the Complaint, the putative class exceeds 100.

-4-
DEFENDANT'S NOTICE OF REMOVAL

### C.     Defendant is not a Governmental Entity

15.     Under 28 U.S.C. § 1332(d)(5)(B), CAFA does not apply to class actions where "primary Defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

16.     Defendant is a corporation incorporated in Delaware and is not a state, state official or other government entity exempt from CAFA.

### D.     There Is Diversity Between At Least One Class Member And Any One Defendant

17.     CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of Plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiffs and Defendant are citizens of different states.

18.     Plaintiffs state that they are residents of California. (**Exhibit A**, Complaint at ¶ 6.) Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by a party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").  At the time Plaintiffs commenced this action and at the time of removal, Plaintiffs alleged that they both resided in the State of California. (**Exhibit A**, Complaint at ¶ 6.)  Therefore, Plaintiffs are both citizens of California for diversity purposes.

19.     Conversely, Defendant is not citizen of California. It is a citizen of Delaware and Kansas. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." See *Hertz Corp. v. Friend,* 130 U.S. 1181, 1192-93 (2010). At the time this action was commenced in state court,

DEFENDANT'S NOTICE OF REMOVAL

Defendant was, and remains, a Delaware corporation with its principal place of business in Kansas, where it has its corporate offices and headquarters and where Defendant's executive and administrative functions are located.

20.     Accordingly, the named Plaintiffs are citizens of a state different from Defendant, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E.     The Amount in Controversy Exceeds $5,000,000[1]

21.     CAFA's $5,000,000 threshold for the "amount in controversy," is not the same as the amount ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10- 4280-GHK JCx, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the Plaintiffs on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the Plaintiffs' complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). After all, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Additionally, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint") (citations omitted).

---

[1] The alleged damage calculations set forth in the instant Notice of Removal are provided for purposes of removal only and based on the presumption of truth to which Plaintiffs' allegations are entitled. Defendant denies that Plaintiffs or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiffs' claims and their alleged damages at every stage of this case.

-6-

22.     Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the Plaintiffs or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14 at 42. In addition, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14 at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case … [**Section 1332(d)] should be read broadly, with a strong preference that interstate class actions should be heard in federal court if removed by the defendant**." (emphasis added)]

23.     In calculating the amount in controversy, the claims of class members may be aggregated to determine whether the amount in controversy has been satisfied. 28 U.S.C. § 1332(d)(6).

24.     Plaintiffs' Complaint alleges (without any facts or explanation) that the total aggregate amount in controversy is less than the $5,000,000 CAFA jurisdictional threshold. (**Exhibit A**, Complaint at ¶ 4.) However, as demonstrated herein and despite the allegation, the Plaintiffs' allegations, when accepted as true, do place more than $5,000,000 in controversy in this lawsuit. By demonstrating that the amount in controversy exceeds the CAFA threshold, Defendant in no way concedes the validity of Plaintiffs' claims in any respect or the likelihood that Plaintiffs will obtain class certification or recover anything.

<u>Plaintiffs' Fourth Cause of Action (Final Wages Not Timely Paid)</u>

25.     With respect to their fourth cause of action for waiting time penalties, Plaintiffs allege, without qualification, that Defendant "willfully failed and refused to

pay Plaintiffs and the Class members their wages, earned and unpaid, either at the time or discharge, or within seventy-two (72) hours of their voluntarily leaving the Defendant's employ," and that these wages include regular and overtime. (**Exhibit A**, Complaint at ¶ 92.) Plaintiffs allege that Defendant is liable to Plaintiffs and the putative class members[2] for waiting time penalties pursuant to Labor Code § 203, in the form of continued compensation for thirty work days. (**Exhibit A**, Complaint at ¶¶ 91, 93 Complaint at Prayer for Relief, Fourth Cause of Action.) The statute of limitations on Plaintiffs' waiting time penalties claim is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1404 (2010); see also Cal. Civ. Proc. Code § 338(a).

26.     Based on a review of Defendant's employment records, Defendant has had at least 1,579 putative class members terminate their employment within the three year statute of limitations (either voluntarily or involuntarily.) Using the average rate of pay for these employees for the past three years according to Defendant's pay data, which is over $16.55 per hour, as the applicable rate of pay, and assuming a conservative average shift length of 8 hours, the amount in controversy for Plaintiffs' waiting time claim is more than **$6,271,788**, based on the calculation of 1,579 terminated putative class members x an average rate of pay of $16.55 per hour x 8 hours x 30 days.

27.     Based on the foregoing, the amount in controversy for Plaintiffs' claims is well in excess of the $5,000,000 CAFA threshold, on the fourth cause of action only, not even accounting for the amounts at issue for Plaintiffs' other nine causes of action.

28.     Thus, the total **minimum** amount placed in controversy by Plaintiffs' Complaint is well over $5,000,000.

<u>Attorney's Fees</u>

29.     Attorneys' fees are also includable in the amount in controversy where the underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins.*

---

[2]Plaintiffs confusingly refer to a "Non-Exempt Production Employee class" in this cause of action but there is no such class (or subclass) defined in the Complaint. *See* Complaint, ¶¶ 12-13.

DEFENDANT'S NOTICE OF REMOVAL

*Co. v. Knowles*, 133 S.Ct. 1345 (2013). Plaintiffs are seeking attorneys' fees with respect to causes of action one, eight, and ten. (**Exhibit A**, Complaint at Prayer for Relief.) The Ninth Circuit has recognized 25% as an appropriate benchmark for fee awards in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under that benchmark, and based on the demonstrated amount in controversy on the fourth cause of action, it is reasonable to place the attorneys' fees in controversy at a minimum of $1,567,947. Adding that amount to the previously calculated minimum value only serves to underscore the conclusion that this case easily exceeds the $5,000,000 CAFA threshold.

## VI.    CONCLUSION

30.    This Court has original jurisdiction over Plaintiffs' claims by virtue of the Class Action Fairness Act. To the extent that this Court lacks original jurisdiction over any of Plaintiffs' claims, it has supplemental jurisdiction over those claims. This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests the opportunity to submit evidence, points and authorities supporting the removal of this action.

WHEREFORE, Defendant removes the above-action to this Court.

Dated: May 13, 2022                      COZEN O'CONNOR

By: */s/ Jason E. Barsanti*
    Jason E. Barsanti
    Ethan Chernin
    Brett Greving
    Attorneys for Defendant
    **CARGILL MEAT SOLUTIONS**
    **CORPORATION**

-9-
DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Ava Issary, Esq. (#342252)
Lauren Falk, Esq. (#316893)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com

Attorneys for Plaintiffs RICHARD MARIN and SAMANTHA LOPEZ,
Individually and on behalf of all others similarly situated.

E-FILED
2/23/2022 1:50 PM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF FRESNO**

22CECG00573

| | |
|---|---|
| RICHARD MARIN, SAMANTHA LOPEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs , <br><br> v. <br><br> CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194;** <br> 2. **Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders;** <br> 3. **Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512;** <br> 4. **Failure to Pay Timely Wages Required by Labor Code § 203;** <br> 5. **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226;** <br> 6. **Failure to Provide Day of Rest as Required by Labor Code §§ 551 and 552;** <br> 7. **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802;** <br> 8. **Failure to Accurately Record and Pay Sick Leave as Required by Labor Code § 246;** <br> 9. **Unlawful Deductions pursuant to Labor Code § 221;** <br> 10. **Violation of Business & Professions Code § 17200, et seq.** |

1

2    **DEMAND FOR JURY TRIAL**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       Plaintiffs RICHARD MARIN and SAMANTHA LOPEZ ("Plaintiffs "), individually and

2  on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or

3  "Class Member"), hereby file this Complaint against CARGILL MEAT SOLUTIONS

4  CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive, (collectively

5  "Defendants") and alleges on information and belief as follows:

6                    **I.  JURISDICTION AND VENUE**

7     1.    This class action is brought pursuant to California Code of Civil Procedure §382.

8  The monetary damages and restitution sought by Plaintiffs exceed the minimum jurisdiction limits

9  of the California Superior Court and will be established according to proof at trial.

10     2.    This Court has jurisdiction over this action pursuant to the California Constitution

11  Article VI §10, which grants the California Superior Court original jurisdiction in all causes

12  except those given by statute to other courts. The statutes under which this action is brought do not

13  give jurisdiction to any other court.

14     3.    This Court has jurisdiction over Defendants because, upon information and belief,

15  each Defendant either has sufficient minimum contacts in California, or otherwise intentionally

16  avails itself of the California market to render the exercise of jurisdiction over it by the California

17  Courts consistent with traditional notions of fair play and substantial justice.

18     4.    The California Superior Court also has jurisdiction in this matter because the

19  individual claims of the members of the Classes herein are under the seventy-five thousand dollar

20  ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys'

21  fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of

22  2005. Further, there is no federal question at issue, as the issues herein are based solely on California

23  statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC")

24  and B&PC.

25     5.    Venue is proper in this Court because upon information and belief, one or more of

26  the Defendants, reside, transact business, or have offices in this County and/or the acts or

27  omissions alleged herein took place in this County.

28

1

## II. PARTIES

2      6.     Plaintiffs RICHARD MARIN and SAMANTHA LOPEZ were, at all times
3 relevant to this action, residents of California.

4      7.     Plaintiff RICHARD MARIN was employed by Defendants approximately in
5 December 2015 as a Non-Exempt Employee Plaintiff RICHARD MARIN worked during the
6 liability period for Defendants until separation from Defendants' employ in approximately June
7 2021.

8      8.     Defendants employed Plaintiff SAMANTHA LOPEZ approximately in December
9 2020 as a Non-Exempt Employee with the title of meat trimmer and butcher. Plaintiff
10 SAMANTHA LOPEZ worked during the liability period for Defendants until separation from
11 Defendants' employ in approximately March 2021. Plaintiff SAMANTHA LOPEZ's duties
12 included but was not limited to trimming and butchering meat for the Fresno county job site.

13      9.     Defendants CARGILL MEAT SOLUTIONS CORPORATION, a Delaware
14 corporation, operates as a Beef Processing Plant. Plaintiffs estimate there are in excess of 100
15 Non-Exempt Employees who work or have worked for Defendants over the four years.

16      10.     Other than identified herein, Plaintiffs are unaware of the true names, capacities,
17 relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as
18 DOES 1 through 50, but are informed and believe and thereon allege that said defendants are
19 legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by
20 such fictitious names. Plaintiffs will amend this complaint when their true names and capacities
21 are ascertained.

22      11.     Plaintiffs are informed and believe and thereon allege that each defendant, directly
23 or indirectly, or through agents or other persons, employed Plaintiffs and other members of the
24 Class, and exercised control over their wages, hours, and working conditions. Plaintiffs are
25 informed and believe and thereon allege that each Defendant acted in all respects pertinent to this
26 action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in
27 all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other
28 defendants.

1

## III. CLASS ACTION ALLEGATION

2      12.    Plaintiffs brings this action individually and on behalf of all others similarly

3   situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are

4   defined as follows:

5
6
7

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiffs ' Class" or "Class Members").

8      13.    Plaintiffs also seeks to represent the subclass(es) composed of and defined as

9   follows:

10
11
12

> **Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

13
14

> **Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

15
16
17

> **Sub-Class 3:** All Class Members who are or were employed by Defendants at any time between February 2021 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

17
18
19

> **Sub-Class 4:** All Class Members who have been employed by Defendants at any time between February 2019 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass").

19
20
21

> **Sub-Class 5:** All Class Members who did not receive reimbursements for necessary business expenses by Defendants. (hereinafter collectively referred to as the "Business Reimbursement Subclass").

22
23

> **Sub-Class 6:** All Class Members who did not receive accurate sick pay by Defendants. (hereinafter collectively referred to as the "Sick Pay Subclass").

23
24

> **Sub-Class 7:** All Class Members who did not receive a day's rest in seven by Defendants. (hereinafter collectively referred to as the "Day Rest in Seven Subclass").

25
26

> **Sub-Class 8:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

27      14.    Plaintiffs reserve the right under California Rule of Court 3.765(b) and other

28   applicable laws to amend or modify the class definition with respect to issues or in any other

1   ways. Plaintiffs are members of the Class as well as each of the Sub-Classes.

2        15.    The term "Class" includes Plaintiffs and all members of the Class and each of the

3   Sub-Classes, if applicable. Plaintiffs seek class-wide recovery based on the allegations set forth in

4   this complaint.

5        16.    There is a well-defined community of interest in the litigation and the proposed

6   Class is easily ascertainable through the records Defendants are required to keep.

7        17.    <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of

8   all of them as Plaintiffs is impracticable. While the exact number of the Class members is

9   unknown to Plaintiffs at this time, Plaintiffs is informed and believes and thereon alleges that there

10  are at least 100 (one hundred) Class members.

11       18.    <u>Commonality</u>. Common questions of law and fact exist as to all Class members

12  and predominate over any questions that affect only individual members of the Class. These

13  common questions include, but are not limited to:

14       i.     Whether Defendants failed to pay minimum wage compensation to

15  Plaintiffs and Class Members for all hours worked;

16       ii.    Whether Defendants failed to accurately pay overtime to Plaintiffs and

17  Class Members;

18       iii.   Whether Defendants failed to allow Plaintiffs a day of rest in seven as

19  required by Labor Code §§ 551 and 552;

20       iv.    Whether Defendants failed to reimburse necessary business expense

21  

22  pursuant to Labor Code § 2802;

23       v.     Whether Defendants violated Labor Code §§ 226.7, 512, and applicable

24  IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiffs and Class

25  Members for every four hours or major fraction thereof worked and failing to compensate said

26  employees one hours wages in lieu of rest periods;

27       vi.    Whether Defendants violated Labor Code §§ 226.7, 512 and applicable

28  IWC Wage Orders, by failing to provide a meal period to Plaintiffs and Class Members on days

1  they worked work periods in excess of five and ten hours and failing to compensate said

2  employees one hour wages in lieu of meal periods;

3        vii.      Whether Defendants failed to maintain accurate time record including

4  recording Plaintiffs and Class Members' meal periods pursuant to Labor Code § 1174.5 and the

5  applicable IWC Wage Orders;

6        viii.      Whether Defendants provided accurate itemized wage statements pursuant

7  to Labor Code section 226;

8        ix.      Whether Defendants provided timely payment of all wages owed to

9  Plaintiffs at the time of separation from Defendants employ, pursuant to Labor Code 203;

10        x.      Whether Defendants unlawfully deducted wages from Plaintiffs in violation

11  of Labor Code 221;

12        xi.      Whether Defendants accurately paid sick pay wages to Plaintiffs , pursuant

13  to Labor Code 246;

14        xii.      Whether Defendants violated Business and Professions Code and Labor

15  Code §§ 201-203, 221, 226, 246, 510, 512, 551, 552, 558, 226.3, 226.7, 1174, 1174.5, 1175, 1194,

16  1197, 1197.1, 1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation

17  of fundamental public policy; and

18        xiii.      Whether Plaintiffs and the Members of the Plaintiffs' Class are entitled to

19  equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.*

20        xiv.      Whether Plaintiffs and the Members of the Plaintiffs Class are entitled to

21  relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant

22  to Labor Code §§ 558, 1194 and 1197.

23      19.      Typicality. Plaintiffs ' claims herein alleged are typical of those claims that could

24  be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief

25  which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiffs

26  and all members of the Class and or Subclass sustained injuries and damages arising out of and

27  caused by Defendants' common course of conduct in violation of California laws, regulations, and

28  statutes as alleged herein.

1    20.    Adequacy. Plaintiffs are qualified to, and will fairly and adequately protect the
2 interests of each member of the Class and/or Subclass with whom they have a well-defined
3 community of interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledge an
4 obligation to make known to the Court any relationships, conflicts, or differences with any
5 member of the Class and/or Subclass. Plaintiffs ' attorneys and the proposed Counsel for the Class
6 and Subclass are versed in the rules governing class action discovery, certification, litigation, and
7 settlement and experienced in handling such matters. Other former and current employees of
8 Defendants may also serve as representatives of the Class and Subclass if needed.

9    21.    Superiority. A class action is superior to other available means for the fair and
10 efficient adjudication of the claims of the Class and would be beneficial for the parties and the
11 court. Class action treatment will allow a large number of similarly situated persons to prosecute
12 their common claims in a single forum, simultaneously, efficiently, and without the unnecessary
13 duplication of effort and expense that numerous individual actions would require. The damages
14 suffered by each Class member are relatively small in the sense pertinent to class action analysis,
15 and the expense and burden of individual litigation would make it extremely difficult or
16 impossible for the individual Class Members to seek and obtain individual relief. A class action
17 will serve an important public interest by permitting such individuals to effectively pursue
18 recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent
19 or contradictory judgments raised by individual litigation.

20    22.    Public Policy Considerations: Employers in the state of California violate
21 employment and labor laws every day. Current employees are often afraid to assert their rights out
22 of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because
23 they believe their former employers may damage their future endeavors through negative
24 references and/or other means. The nature of this action allows for the protection of current and
25 former employees' rights without fear or retaliation or damage.

26                        **IV. FACTUAL ALLEGATIONS**

27    23.    At all times set forth herein, Defendants employed Plaintiffs and other persons in
28 the capacity of non-exempt positions, however titled, throughout the state of California.

24.   Plaintiffs are informed and believe Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

25.   Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties related to Defendants' Beef Processing Plant.

26.   Plaintiffs are informed and believe, and thereon allege, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

27.   On information and belief, during the relevant time frame, Plaintiffs and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

28.   During the relevant time frame, Defendants compensated Plaintiffs and Class Members based upon an hourly rate.

29.   On information and belief, during the relevant time frame, Plaintiffs and Class Members typically worked seven (7) days a week.

30.   Plaintiffs are informed and believe that the Class Members were required to keep similar schedules.

31.   In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the employee's correct rate of pay per hour for overtime.

32.   Defendants also failed to properly calculate Plaintiffs ' and the Class Members' regular rate of pay including but not limited to by failing to include all forms of compensation/remuneration in the regular rate including but not limited to bonuses, incentives, commissions, training and orientation pay, shift differential pay, and other compensation for overtime calculation purposes.

33.   On information and belief, Plaintiffs and Class Members allege that their paystubs showed that overtime was paid at only 1.5 times the base rate and that bonuses were not blended

into the overtime rate. At certain pay periods, the hourly rate reflected as being lower than their actual rates and that overtime was even slightly lower than 1.5 times the base rate.

34.   Defendants failed to adjust double time rates.

35.   Defendants failed to adjust overtime rates for two non-discretionary bonuses.

36.   On information and belief, Plaintiffs and Class Members allege that paystubs show that Plaintiffs were paid bonuses but sick pay was not paid at the regular rate of pay during the same pay period a bonus was provided.

37.   Defendants failed to adjust sick pay rates.

38.   Defendants distributed paystubs that reflect a penalty pay without listing hour and/or units nor reasons for the penalty, further violating Labor Codes 226 and 221.

39.   Plaintiffs and Class Members were required to perform COVID-19 screening tests before clocking in for work without being compensated at overtime or minimum wage rates.

40.   Plaintiffs and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

41.   Plaintiffs and Class Members missed meal breaks several times a week and had late meal periods. Defendants failed to pay premium wages for missed, short or late meal breaks.

42.   On information and belief, during the relevant time period, Defendants would modify Plaintiffs ' and Class Members' time to include lawfully required meal periods even during times when Plaintiffs and Class Members did not receive a full 30-mintues of uninterrupted time for meal periods.

43.   Plaintiffs and Class Members were required to forgo meal periods on a consistent basis.

44.   Indeed, during the relevant time, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiffs and the Class Members timely, legally complaint uninterrupted 30-minute meal periods on shifts over five hours as required by law.

45.   Similarly, as a consequence of Defendants' staffing and scheduling practices, work

1   demands, and Defendants' policies and practices, Defendants frequently failed to provide
2   Plaintiffs and the Class Members legally compliant second meal periods on shifts over ten hours
3   as required by law.

4       46.   Plaintiffs and Class Members were required to keep their personal cellphones on
5   their persons at all times during their shifts in order to respond to work related calls, outside of
6   work hours and during their meal periods, resulting in a disproportionate underpayment of
7   minimum and overtime wages due to this off-the-clock worked performed.

8       47.   On information and belief, Plaintiffs and Class Members did not waive their rights
9   to meal periods under the law.

10      48.   Plaintiffs and the Class Members were not provided with valid lawful on-duty meal
11  periods.

12      49.   Despite the above-mentioned meal period violations, Defendants failed to
13  compensate Plaintiffs , and on information and belief, failed to compensate Class Members, one
14  additional hour of pay at their regular rate as required by California law when meal periods were
15  not timely or lawfully provided in a compliant manner.

16      50.   Plaintiffs are informed and believe, and thereon alleges, that Defendants know,
17  should know, knew, and/or should have known that Plaintiffs and the other Class Members were
18  entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but
19  were not receiving such compensation.

20      51.   In addition, during the relevant time frame, Plaintiffs and the Non-Exempt
21  Employees were systematically not authorized and permitted to take one net ten-minute paid, rest
22  period for every four hours worked or major fraction thereof, including third rest breaks which is a
23  violation of the Labor Code and IWC wage order.

24      52.   Plaintiffs and Class Members were required to keep their personal cellphones and
25  their persons at all times during their shifts in order to respond to work related calls, even during
26  rest breaks.

27      53.   Defendants failed to pay Plaintiffs and Class Members for COVID-19 leave.

28      54.   Defendants maintained and enforced scheduling practices, policies, and imposed

1   work demands that frequently required Plaintiffs and Class Members to forego their lawful, paid

2   rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such

3   requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to

4   provide relief for Plaintiffs and Class Members to take their lawfully required breaks.

5          55.     Despite the above-mentioned rest period violations, Defendants did not compensate

6   Plaintiffs , and on information and belief, did not pay Class Members one additional hour of pay at

7   their regular rate as required by California law, including Labor Code section 226.7 and the

8   applicable IWC wage order, for each day on which lawful rest periods were not authorized and

9   permitted.

10         56.     Defendants also failed to reimburse Plaintiffs and Class Members for business

11  expenses incurred pursuant to Labor Code section 2802. Plaintiffs and Class Members were

12  required to use their personal cellphones during work hours in order to fulfill their duties. For

13  instance, Plaintiff RICHARD MARIN had to use his personal phone because here was not enough

14  radios/walkie talkies for him to use. Plaintiff RICHARD MARIN also was required to drive inside

15  the warehouse during work hours using his own vehicle. He had to use the vehicle regularly to

16  fulfill his duties, of which are not limited to, of driving back and forth opposite ends of the large

17  warehouse to check alarms on trailers. Defendant failed to reimburse Plaintiff and Class Members

18  for personal cell phone use and mileage.

19         57.     In addition, upon information and belief, Plaintiffs alleges that Defendants violated

20  Labor Code 551 and 552 by failing to allow Plaintiffs and Class Members a day of rest as they

21  were frequently required to work more than seven continuous days. Additionally, Plaintiffs and

22  Class Members were not paid a premium wage for the rest days they were asked to work, as

23  required to be paid by law.

24         58.     Defendants failed to provide accurate, lawful itemized wage statements to Plaintiffs

25  and the Class Members in part because of the above-specified violations. In addition, upon

26  information and belief, Defendants omitted an accurate itemization of total hours worked,

27  including premiums due and owing for meal and rest period violations, overtime pay, gross pay

28  and net pay figures from Plaintiffs and the Class Members ' wage statements.

59.   On information and belief, Plaintiffs and Class Members allege that paystubs reflected an "Empl Company Equp" deduction, Plaintiffs are unaware of what this deduction is for, nor do they recall authorizing such deductions.

60.   On information and belief, Defendants failed to accurately list shift differentials, in violation of Labor Code 226.

61.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiffs and Class Members for all wages owed including minimum wages, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

62.   Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)   requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b)   requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(c)   failing to pay overtime and minimum wages;

(d)   failing to provide accurate itemized wage statements;

(e)   failing to timely pay Plaintiffs and Class Members;

(f)   failure to provide a day's rest in seven;

(g)   unlawfully deducting from wages;

(h)   failing to accurately pay sick pay;

1   (i)   failure to reimburse business expenses; and

2   (j)   conducting and engaging in unfair business practices.

3   63.   In addition to the violations above, and on information and belief, Defendants knew

4   they had a duty to compensate Plaintiffs and Class Members for the allegations asserted herein,

5   and that Defendants had the financial ability to pay such compensation, but willfully, knowingly,

6   recklessly, and/or intentionally failed to do so.

7   64.   Defendants unlawfully failed to distribute service charges to service employees

8   such as Plaintiffs and Class Members as required by law.

9   65.   Plaintiffs and Class Members they seek to represent are covered by, and

10  Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare

11  Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding

12  applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

13  **FIRST CAUSE OF ACTION**

14  **FAILURE TO PAY WAGES INCLUDING OVERTIME**

15  **(Against All Defendants)**

16  66.   Plaintiffs Incorporate and re-allege each and every allegation contained above as

17  though fully set forth herein.

18  67.   At all times relevant, the IWC wage orders applicable to Plaintiffs and the Class

19  require employers to pay its employees for each hour worked at least minimum wage. "Hours

20  worked" means the time during which an employee is subject to the control of an employer, and

21  includes all the time the employee is suffered or permitted to work, whether or not required to do

22  so, and in the case of an employee who is required to reside on the employment premises, that

23  time spent carrying out assigned duties shall be counted as hours worked.

24  68.   At all relevant times, Labor Code §1197 provides that the minimum wage for

25  employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a

26  lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order

27  and Labor Code, Plaintiffs and Class Members are to be paid minimum wage for each hour

28  worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to

1  Plaintiffs and Class Members' employment by Defendants provided that employees working for
2  more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime
3  compensation at the rate of one and one-half times the regular rate of pay for all hours worked in
4  excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works
5  more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the
6  regular rate of pay.

7       69.    At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons
8  acting individually as an officer, agent, or employee of another person, who pays or causes to be
9  paid to any employee a wage less than the minimum fixed by an applicable state or local law, or
10  by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated
11  damages payable to the employee, and any applicable penalties pursuant to Section 203.

12      70.    Labor Code §510 codifies the right to overtime compensation at the rate of one and
13  one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or
14  forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for
15  hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the
16  seventh day of work in a particular work week.

17      71.    At all times relevant, Plaintiffs and Class Members regularly performed non-
18  exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR §
19  11000, et. seq. and the Labor Code.

20      72.    At all times relevant, Plaintiffs and Class Members consistently worked in excess
21  of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately
22  calculate overtime pay to Plaintiffs and Class Members.

23      73.    Defendants further failed to incorporate bonuses, shift differentials, and other
24  remunerations into the employees' regular rates of pay for purposes of calculating overtime.

25      74.    At all times relevant, Defendants have failed to accurately pay minimum and
26  overtime owed to Plaintiffs and Class Members.

27      75.    Accordingly, Defendants owe Plaintiffs and Class Members minimum and
28  overtime wages, and have failed to pay Plaintiffs and Class Members their wages owed.

1      76.    Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiffs and Class Members are

2  entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and

3  attorneys' fees.

4                   **SECOND CAUSE OF ACTION**

5  **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

6                      **(Against All Defendants)**

7      77.    Plaintiffs Incorporate and re-allege each and every allegation contained above as

8  though fully set forth herein.

9      78.    Pursuant to Labor Code §512, no employer shall employ an employee for a work

10  period of more than five (5) hours without providing a meal break of not less than thirty (30)

11  minutes in which the employee is relieved of all of his or her duties. An employer may not employ

12  an employee for a work period of more than ten (10) hours per day without providing the

13  employee with a second meal period of not less than thirty (30) minutes, except that if the total

14  hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual

15  consent of the employer and the employee only if the first meal period was not waived.

16      79.    Pursuant to the IWC wage orders applicable to Plaintiffs and Class Members'

17  employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of

18  the work of the employee must prevent an employee from being relieved of all duties relating to

19  his or her work for the employer and the employees must consent in writing to the "on duty" meal

20  period. On information and belief, Plaintiffs and Class Members did not consent in writing to an

21  "on duty" meal period. Further, the nature of the work of Plaintiffs and Class Members was not

22  such that they were prevented from being relieved of all duties. Despite the requirements of the

23  IWC wage orders applicable to Plaintiffs ' and Class Members' employment by Defendants and

24  Labor Code §512 and §226.7, Defendants did not provide Plaintiffs and Class Members with all

25  their statutorily authorized meal periods.

26      80.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to

27  provide Plaintiffs and Class Members, timely and uninterrupted meal periods of not less than

28  thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiffs and Class Members'

1   employment by Defendants. As a proximate result of the aforementioned violations, Plaintiffs and
2   the other Class Members have been damaged in an amount according to proof at time of trial.

3       81.    By their failure to provide a compliant meal period for each shift worked over five
4   (5) hours and their failure to provide a compliant second meal period for any shift worked over ten
5   (10) hours per day by Plaintiffs and the Class Members, and by failing to provide compensation in
6   lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of
7   Labor Code §§226.7 and 512 and applicable IWC Wage Orders.

8       82.    Plaintiffs and the Class Members he seeks to represent did not voluntarily or
9   willfully waive meal periods and were regularly required to work shifts without being provided all
10  of their legally required meal periods. Defendants created a working environment in which
11  Plaintiffs and Class Members were not provided all of their meal periods due to shift scheduling
12  and/or work related demands placed upon them by Defendants as discussed above. On information
13  and belief, Defendants' implemented a policy and practice which resulted in systematic and class-
14  wide violations of the Labor Code. On information and belief, Defendants' violations have been
15  widespread throughout the liability period and will be evidenced by Defendants' time records for
16  the Class Members.

17      83.    As a result of the unlawful acts of Defendants described herein, Plaintiffs and the
18  Class Members they seek to represent have been deprived of premium wages in amounts to be
19  determined at trial. Pursuant to Labor Code §226.7, Plaintiffs and Class Members are entitled to
20  recover one (1) hour of premium pay for each day in which a meal period was not provided, along
21  with interest and penalties thereon, attorneys' fees, and costs.

22                          **THIRD CAUSE OF ACTION**

23  **FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

24                          **(Against All Defendants)**

25      84.    Plaintiffs Incorporate and re-allege each and every allegation contained above as
26  though fully set forth herein.

27      85.    Pursuant to the IWC wage orders applicable to Plaintiffs and Class Members'
28  employment by Defendants, "Every employer shall authorize and permit all employees to take rest

1 | periods, which insofar as practicable shall be in the middle of each work period.... [The]
2 | authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)
3 | minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period
4 | time shall be counted as hours worked, for which there shall be no deduction from wages." Labor
5 | Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period
6 | mandated by an applicable order of the IWC.

7 |     86.    Defendants were required to authorize and permit employees such as Plaintiffs and
8 | Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes
9 | net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.
10 | Despite said requirements of the IWC wage orders applicable to Plaintiffs ' and Class Members'
11 | employment by Defendants, Defendants failed and refused to authorize and permit Plaintiffs and
12 | Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major
13 | fraction thereof.

14 |     87.    On information and belief Defendants created a working environment in which
15 | Plaintiffs and Class Members were not provided all of their rest periods due to shift scheduling
16 | and/or work related demands placed upon them by Defendants to meet the needs of Defendants'
17 | business as discussed above. On information and belief, Defendants implemented a policy and
18 | practice which resulted in systematic and class-wide violations of the Labor Code. On information
19 | and belief, Defendants' violations have been widespread throughout the liability period.

20 |     88.    As a proximate result of the aforementioned violations, Plaintiffs and Class
21 | Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor
22 | Code §226.7, Plaintiffs and Class Members are entitled to recover one (1) hour of premium pay
23 | for each day in which Defendants failed to provide a rest period to Plaintiffs and the Class, plus
24 | interest and penalties thereon, attorneys' fees, and costs.

25 | **FOURTH CAUSE OF ACTION**

26 | **FAILURE TO PAY TIMELY PAY WAGES**

27 | **(Against All Defendants)**

28 |     89.    Plaintiffs Incorporate and re-allege each and every allegation contained above as

1   though fully set forth herein.

2      90.    Labor Code §§201-202 requires an employer who discharges an employee to pay
3   compensation due and owing to said employee immediately upon discharge and that if an
4   employee voluntarily leaves his or her employment, his or her wages shall become due and
5   payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-
6   two (72) hours previous notice of his or her intention to quit, in which case the employee is
7   entitled to his or her wages on their last day of work.

8      91.    Labor Code §203 provides that if an employer willfully fails to pay compensation
9   promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting
10   time penalties in the form of continued compensation for up to thirty (30) work days.

11     92.    During the relevant time period, Defendants willfully failed and refused, and
12   continue to willfully fail and refuse, to pay Plaintiffs and Class Members their wages, earned and
13   unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily
14   leaving Defendants' employ. These wages include regular and overtime.

15     93.    As a result, Defendants are liable to Plaintiffs and members of the Non-Exempt
16   Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount
17   according to proof at the time of trial.

18                          **FIFTH CAUSE OF ACTION**

19         **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

20                           **(Against All Defendants)**

21     94.    Plaintiffs Incorporate and re-allege each and every allegation contained above as
22   though fully set forth herein.

23     95.    Section 226(a) states that An employer, semimonthly or at the time of each
24   payment of wages, shall furnish to his or her employee, either as a detachable part of the check,
25   draft, or voucher paying the employee's wages, or separately if wages are paid by personal check
26   or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours
27   worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units
28   earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

1  deductions, provided that all deductions made on written orders of the employee may be
2  aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for
3  which the employee is paid, (7) the name of the employee and only the last four digits of his or her
4  social security number or an employee identification number other than a social security number,
5  (8) the name and address of the legal entity that is the employer.

6      96.   Section 226(a) of the California Labor Code requires Defendants to itemize in wage
7  statements all deductions from payment of wages and to accurately report total hours worked by
8  Plaintiffs and the Class including applicable hourly rates among other things. Defendants have
9  knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage
10  statements that have been provided to Plaintiffs and the Class.

11      97.   IWC Wage Orders require Defendants to maintain time records showing, among
12  others, when the employee begins and ends each work period, meal periods, split shift intervals
13  and total daily hours worked in an itemized wage statement, and must show all deductions and
14  reimbursements from payment of wages, and accurately report total hours worked by Plaintiffs
15  and the Class. On information and belief, Defendants have failed to record all or some of the items
16  delineated in Industrial Wage Orders and Labor Code §226.

17      98.   Defendants have failed to accurately record all time worked.

18      99.   Defendants failed to list the applicable hourly rates of pay and hours worked.

19      100.  Defendants have also failed to accurately record the meal and rest period premiums
20  owed and all wages owed per pay period.

21      101.  Plaintiffs and the Class have been injured as they were unable to determine whether
22  they had been paid correctly for all hours worked per pay period among other things.

23      102.  Pursuant to Labor Code section 226, Plaintiffs and the Class are entitled up to a
24  maximum of $4,000 each for record keeping violations.

25      103.  Pursuant to Labor Code section 226.3, any employer who violates subdivision (a)
26  of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)
27  per employee per violation in an initial citation and one thousand dollars ($1,000) per employee
28  for each violation in a subsequent citation, for which the employer fails to provide the employee a

1   wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

2   ## SIXTH CAUSE OF ACTION

3   ### FAILURE TO PROVIDE DAY OF REST

4   #### (Against All Defendants)

5   104.   Plaintiffs Incorporate and re-allege each and every allegation contained above as
6   though fully set forth herein.

7   105.   Labor Code Section 551 requires "[e]very person employed in any occupation of
8   labor is entitled to one day's rest therefrom in seven."

9   106.   Labor Code Section 552 mandates that "[n]o employer of labor shall cause his
10   employees to work more than six days in seven."

11   107.   Plaintiffs and Class Members were frequently required to work more than seven
12   continuous days and were deprived of a day rest in seven.

13   108.   As a result of the unlawful acts of Defendant, Plaintiffs and Class Members have
14   been damaged in amounts to be determined at trial, and are entitled to the recovery of such
15   amounts, plus interest and penalties thereon, attorneys' fees, and costs.

16   ## SEVENTH CAUSE OF ACTION

17   ### FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

18   #### (Against All Defendants)

19   109.   Plaintiffs Incorporate and re-allege each and every allegation contained above as
20   though fully set forth herein.

21   110.   Labor Code § 2802 requires Defendants to indemnify Plaintiffs and Class Members
22   for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As
23   a necessary part of employment, Plaintiffs and on information and belief Class Members, were not
24   adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of
25   their personal cellphone usage, personal vehicle usage, and personal funds usage as described
26   above, which was incurred as a direct consequence of the discharge of duties by Plaintiffs and
27   Class Members. Despite these realities of the job, Defendants failed to provide reimbursements.

28   111.   Labor Code §2804 states in pertinent part: "Any contract or agreement, express or

1  implied, made by any employee to waive the benefits of this article or any part thereof is null and
2  void, and this article shall not deprive any employee or his or her personal representative of any
3  right or remedy to which he is entitled under the laws of this State.

4      112.   As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members
5  have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to
6  the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,
7  pursuant to Labor Code § 2802.

8  **EIGHTH CAUSE OF ACTION**

9  **FAILURE TO ACCURATELY RECORD AND PAY SICK LEAVE AS REQUIRED**
10  **(Against All Defendants)**

11      113.   Plaintiffs incorporate and re-allege each and every allegation contained above as
12  though fully set forth herein.

13      114.   Labor Code Section 246(i) provides that: "an employer shall provide an employee with
14  written notice that sets forth the amount of paid sick leave available, or paid time off leave an
15  employer provides in lieu of sick leave, for use on either the employee's itemized wage statement
16  described in Section 226 or in a separate writing provided on the designated pay date with the
17  employee's payment of wages. If an employer provides unlimited paid sick leave or unlimited paid
18  time off to an employee, the employer may satisfy this section by indicating on the notice or the
19  employee's itemized wage statement 'unlimited.' The penalties described in this article for a violation
20  of this subdivision shall be in lieu of the penalties for a violation of Section 226."

21      115.   Labor Code § 246 provides that the employer shall calculate paid sick leave by
22  using one of two calculations: (1) "Paid sick time for nonexempt employees shall be calculated in
23  the same manner as the regular rate of pay for the workweek in which the employee uses paid sick
24  time, whether or not the employee actually works overtime in that workweek;" or (2) "Paid sick
25  time for nonexempt employees shall be calculated by dividing the employee's total wages, not
26  including overtime premium pay, by the employee's total hours worked in the full pay periods of
27  the prior 90 days of employment."

28      116.   Whenever Defendant paid Plaintiffs and Class Members sick time pursuant to

1  California Labor Code § 246, Defendant did so at the incorrect rate of pay. Defendant paid
2  Plaintiffs and the Class Members at the incorrect rate of pay and/or base hourly rate of pay, as
3  opposed to the regular rate of pay, which would take into account all night premiums and/or shift
4  differentials, or by dividing the employees' total wages, not including overtime premium pay, by
5  the employees' total hours worked in the full pay periods of the prior 90 days of employment, as
6  required by Labor Code § 246. This resulted in the employees being underpaid for sick time, and
7  resulted in violations of California Labor Code §§ 201, 202, and 203, and other derivative Labor
8  Code violations, because Defendant did not pay, or timely pay, Plaintiffs and the unpaid wages for
9  work performed by them during their employment and at the end of their employment.

10  117.  As a result of the unlawful acts of Defendant, Plaintiffs and Class Members have
11  been deprived of sick pay in amounts to be determined at trial, and are entitled to the recovery of
12  such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

13  ### NINTH CAUSE OF ACTION

14  ### UNLAWFUL DEDUCTION OF WAGES

15  ### (Against All Defendants)

16  118.  Plaintiffs incorporate and re-allege each and every allegation contained above as
17  though fully set forth herein.

18  119.  Labor Code § 221 provides that: "It shall be unlawful for any employer to collect or
19  receive form an employee any part of wages therefore paid by said employer to said employee."

20  120.  Labor Code § 223 provides "Where any statute or contract requires an employer to
21  maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while
22  purporting to pay the wage designated by statute or by contract.

23  121.  During the relevant time period, Defendants have unlawfully taken deduction from
24  Plaintiffs and Class Members compensation for Defendants' ""Empl Company Equp deduction"
25  as well as unnamed and unquantified penalty pay listed on employee paystubs. Because of these
26  unlawful deductions from Plaintiffs ' and Class Members' compensation, they are liable to
27  Plaintiffs and Class Members for the compensation that should have been paid but for the
28  unlawful deductions pursuant to Labor Code §§ 221 and 223 and applicable IWC Wage Orders.

1    122.   As a result, Defendants are liable to Plaintiffs and Class members for penalties,
2  reasonable attorneys' fees, and costs pursuant to Labor Code 1194.

3                        **TENTH CAUSE OF ACTION**

4        **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et. seq.**

5                          (**Against All Defendants**)

6    123.   Plaintiffs Incorporate and re-allege each and every allegation contained above as
7  though fully set forth herein.

8    124.   Defendants' conduct, as alleged in this complaint, has been, and continues to be,
9  unfair, unlawful, and harmful to Plaintiffs and Class Members, Defendants' competitors, and the
10  general public. Plaintiffs seeks to enforce important rights affecting the public interest within the
11  meaning of the California Code of Civil Procedure §1021.5.

12    125.   Defendants' policies, activities, and actions as alleged herein, are violations of
13  California law and constitute unlawful business acts and practices in violation of California
14  Business and Professions Code §§17200, et seq.

15    126.   A violation of California Business and Professions Code §§17200, et seq., may be
16  predicated on the violation of any state or federal law. Defendants' policy of failing to accurately
17  pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide a
18  day's rest in seven, failing to pay sick pay accurately, unlawfully deducting from wages, failing to
19  pay all wages timely at separation, failing to provide accurate itemized wage statements and
20  failing to provide Plaintiffs and the Class with meal periods and rest breaks or the one (1) hour of
21  premium pay when a meal or rest break period was not provided or provided outside of the
22  required time frames, violates Labor Code § 203, § 221, § 226, § 246, § 551, § 552, § 226.7, §
23  1194, § 2802 and applicable IWC Wage Orders and California Code of Regulations.

24    127.   Plaintiffs and Class Members have been personally aggrieved by Defendants'
25  unlawful and unfair business acts and practices alleged herein by the loss of money and/or
26  property.

27    128.   Pursuant to California Business and Professions Code §§17200, et seq., Plaintiffs
28  and Class Members are entitled to restitution of the wages withheld and retained by Defendants

1  during a period that commences four (4) years prior to the filing of this complaint; an award of

2  attorneys' fees, interest; and an award of costs.

3  **PRAYER FOR RELIEF**

4  WHEREFORE, Plaintiffs prays for judgment against Defendants, as follows:

5  Class Certification

6  1.  That this action be certified as a class action;

7  2.  That Plaintiffs be appointed as the representative of the Class;

8  3.  That Plaintiffs be appointed as the representative of the Subclass; and

9  4.  That counsel for Plaintiffs is appointed as counsel for the Class and Subclass.

10  On the First Cause of Action

11  1.  For compensatory damages equal to the unpaid balance of minimum wage

12  compensation and overtime owed to Plaintiffs and Class members as well as interest and costs;

13  2.  For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

14  3.  For liquidated damages in an amount equal to the wages unlawfully unpaid and

15  interest thereon pursuant to Labor Code §§ 1194.2, 558;

16  4.  For such other and further relief as the Court deems proper.

17  On the Second Cause of Action

18  1.  For one (1) hour of premium pay for each day in which a required meal period was

19  not provided or not provided in a timely manner; and

20  2.  For such other and further relief as the Court deems proper.

21  On the Third Cause of Action

22  1.  For one (1) hour of premium pay for each day in which a required rest period was

23  not authorized or permitted; and

24  2.  For such other and further relief as the Court deems proper.

25  On the Fourth Cause of Action

26  1.  For statutory penalties pursuant to Labor Code §203;

27  2.  For interest for wages untimely paid; and

28  3.  For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.    For statutory penalties pursuant to Labor Code §226;

2.    For interest for wages untimely paid;

3.    For penalties pursuant to Labor Code §226.3; and

4.    For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.    For penalties pursuant to Labor Code §558; and

2.    For such other and further relief as the Court deems proper

On the Seventh Cause of Action

1.    For statutory penalties pursuant to Labor Code §2802;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Eighth Cause of Action

1.    For unpaid sick leave;

2.    For penalties pursuant to Labor Code § 203;

3.    For interest;

4.    For reasonable attorneys' fees and costs pursuant to statute; and

5.    For such other and further relief as the Court deems proper

On the Ninth Cause of Action

1.    For unlawful deductions;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper

On the Tenth Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiffs and Class Members for their past failure to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide a day's rest in seven, failing to provide accurate

1   itemized wage statements and failing to provide Plaintiffs and the Class with meal periods and rest

2   breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or

3   provided outside of the required time frames as described herein to Plaintiffs and Class Members

4   over the last four (4) years in an amount according to proof;

5         2.     For pre-judgment interest on any unpaid wages due from the day that such amounts

6   were due;

7         3.     For reasonable attorneys' fees that Plaintiffs and Class Members are entitled to

8   recover;

9         4.     For costs of suit incurred herein; and

10         5.     For such other and further relief as the Court deems proper.

11   **DEMAND FOR JURY TRIAL**

12        Plaintiffs and members of the Class and Subclass request a jury trial in this matter.

13

14

15   Dated: February 23, 2022              JAMES HAWKINS APLC

16

17                              By: _____

18                                 JAMES R. HAWKINS, ESQ.
                              GREGORY MAURO, ESQ.

19                                 MICHAEL CALVO, ESQ.
                              AVA ISSARY, ESQ.

20                                 LAUREN FALK, ESQ.
                              Attorneys for Plaintiffs individually and on

21                                 behalf of all others similarly situated.

22

23

24

25

26

27

28

- 25 -
CLASS ACTION COMPLAINT

# EXHIBIT B

**C** Computershare

Computershare Governance Services, Inc.
100 Beard Sawmill Road, Shelton, CT 06484

04/19/2022

Cargill Meat Solutions Corporation
Kristin Mitchell
Cargill
15407 McGinty Road West, MS24
Wayzata MN 55391

# SERVICE OF PROCESS NOTICE

Item: 2022-140

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Cargill Meat Solutions Corporation |
| 2. | **Title of Action:** | Richard Marin, et al. vs. Cargill Meat Solutions Corporation, et al. |
| 3. | **Document(s) Served:** | Summons<br>Civil Case Cover Sheet<br>Class Action Complaint<br>Notice of Case Management Conference and Assignment of Judge for All Purposes |
| 4. | **Court/Agency:** | Fresno County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 22CECG00573 |
| 7. | **Case Type:** | Failure to Pay Wages Including Overtime |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 04/15/2022 |
| 10. | **Date to Client:** | Tuesday 04/19/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Sunday 05/15/2022    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | James R. Hawkins, Esq.<br>Irvine, CA<br>949-387-7200 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note there are other Due Dates listed in the document |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

# EXHIBIT  C

1  Jason Barsanti (SBN 235807)
    *jbarsanti@cozen.com*
2  Ethan Chernin (SBN  273906)
    *echernin@cozen.com*
3  Brett Greving  (SBN 270883)
    *bgreving@cozen.com*
4  **COZEN O'CONNOR**
    501 West Broadway, Suite 1610
5  San Diego, CA  92101
    Telephone: 619.234.1700
6  Facsimile:  619.234.7831

7  Attorneys for Defendant
    **CARGILL MEAT**
8  **SOLUTIONS CORPORATION**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF FRESNO

| | |
|---|---|
| RICHARD MARIN, SAMANTHA LOPEZ, on behalf of the general public as private attorney general,<br><br>            Plaintiffs,<br><br>    vs.<br><br>CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; And DOES 1 - 50, inclusive,<br><br>        Defendant. | Case No.: 22CECG00573<br><br>**DEFENDANT CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER TO COMPLAINT**<br><br><br>Date of first filing: February 23, 2022 |

Defendant CARGILL MEAT SOLUTIONS CORPORATION ("Defendant"), hereby answers the unverified Putative Class Action Complaint (the "Complaint") brought by Plaintiffs RICHARD MARIN and SAMANTHA LOPEZ ("Plaintiffs") and on behalf of all others similarly situated, as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies generally each and every allegation contained in the Complaint and further denies that Plaintiffs or the allegedly similarly situated employees they purport to represent, suffered any harm, injury, damage, or loss in any amount whatsoever by reason of any acts or omissions of Defendant, and further denies that Plaintiffs,

or the similarly situated employees they purport to represent, are entitled to any legal or equitable relief in any amount or manner whatsoever from Defendant.

## AFFIRMATIVE DEFENSES

For and as a separate and affirmative defense to each and every claim for relief set forth in the Complaint, Defendant alleges as follows.

For purposes of these affirmative defenses, the term "Plaintiffs" incorporates and includes Plaintiffs RICHARD MARIN and SAMANTHA LOPEZ and/or similarly situated employees of Defendant whom they purport to represent.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

That some or all of Plaintiffs' claims and/or some or all of the claims of the similarly situated employees they purport to represent are barred in whole or in part by the applicable statutes of limitations, including but not limited to, those limitations set forth in California Code of Civil Procedure §§ 338, 340, 343 and California Labor Code § 203.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes, and on this basis alleges, that Plaintiffs and/or the similarly situated employees they purport to represent are estopped by their own actions and conduct from asserting any cause of action against Defendant. The following allegations are likely to have evidentiary support after a reasonable opportunity to conduct further investigation and/or discovery:

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

Plaintiffs and/or the similarly situated employees they purport to represent, by either their statements or conduct, have caused Defendant to believe something to be true and to act on that belief.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes that Plaintiffs and/or the similarly situated employees they purport to represent have engaged in conduct and activity sufficient to constitute waiver of any right to assert the claims upon which he or they now seek relief. The following allegations are likely to have evidentiary support after a reasonable opportunity to conduct further investigation and/or discovery: Plaintiffs and/or the similarly situated employees they purport to represent had knowledge of an existing right and intended to waive or forego that right through his or their words and/or conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

Defendant is informed and believes, and on this basis allege, that Plaintiffs and/or the similarly situated employees they purport to represent are unable to state a cause of action against Defendant because Plaintiffs and/or the similarly situated employees they purport to represent consented to any and all action allegedly taken by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

That some or all of Plaintiffs' and/or some or all of the claims of the allegedly aggrieved/similarly situated they purport to represent are barred by the doctrine of unclean hands.

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

While denying any wrongdoing or damage to Plaintiffs and/or the similarly situated employees they purport to represent, Defendant alleges that the claimed recovery is barred or diminished by a failure to mitigate.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

Defendant is entitled to an offset against any relief due Plaintiff and/or the similarly situated persons they purport to represent for payments made to which Plaintiff and/or the similarly situated persons they purport to represent to which they were not legally entitled.

## NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendant had procedures in place for reporting any issues, which Plaintiff and/or the similarly situated persons they purport to represent unreasonably failed to use, and the reasonable use of Defendant's preventive and corrective measures would have prevented some or all of the harm Plaintiff and/or the similarly situated persons they purports to represent allegedly suffered.

## TENTH AFFIRMATIVE DEFENSE

### (Actions Authorized)

To the extent, if any, that Defendant withheld or diverted any portion of any wages of any employee, Defendant was authorized to do so pursuant to California Labor Code § 224.

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Directions)

Plaintiffs' Complaint is barred by California Labor Code § 2856 to the extent that Plaintiffs and/or any of the similarly situated employees they purport to represent, failed substantially to comply with all the directions of Defendant, and such failure proximately caused the alleged losses for which they seek relief.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

For and as a separate and affirmative defense to the fourth cause of action in the Complaint, Defendant alleges that Plaintiffs' claims based on § 203 of the California Labor Code fail because Defendant has defenses, based on law or equity which, if successful, would preclude any recovery on the part of Plaintiffs and/or any of the similarly situated employees they purport to represent.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing - Individual)

Plaintiffs and/or the similarly situated employees they purport to represent lack standing under the California Labor Code to bring some or all of the claims alleged against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release)

To the extent Plaintiffs and/or the similarly situated employees they purport to represent have executed, or are subject to, a settlement agreement or release encompassing the claims alleged in the Complaint, their claims are barred by that release.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Damaged by Own Conduct)

Defendant alleges that, should it be determined that Plaintiffs and/or the similarly situated employees they purport to represent have been damaged, then said damages were proximately caused by their own conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Return to Office for Payment of Wages)

For and as a separate and affirmative defense to the fourth cause of action in the Complaint, Defendant alleges that the claims of Plaintiffs and/or the similarly situated employees they purport to represent for waiting time penalties should be denied because they failed to return to the location in which they worked for payment of wages as required by the California Labor Code, including but not limited to section 208 thereto.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith – Reliance on Legislative or Administrative Authority)

Defendant's alleged failure to pay Plaintiffs and/or the similarly situated employees they purport to represent wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the California's Industrial Welfare Commission, United States Department of Labor, and/or other governmental agencies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Willful Actions)

For and as a separate and affirmative defense to the fourth cause of action in the Complaint, Defendant alleges that Plaintiffs' claims based on § 203 of the California Labor Code fail because Defendant's actions were not "willful" under California Labor Code section 203.

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

### NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant alleges that Plaintiffs and/or the similarly situated employees they purport to represent were treated fairly and in good faith, and that all actions taken with regard to them by Defendant were taken for lawful business reasons and in good faith.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Reasonable Belief of No Violation)

Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Defendant's Conduct Not Willful or Intentional)

Defendant alleges that assuming, *arguendo,* that Plaintiffs and/or the similarly situated employees they purport to represent are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiffs and/or the similarly situated employees they purport to represent to justify any awards of penalties or fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Injury As A Result Of Violation of Labor Code § 226)

For and as a separate and affirmative defense to the fifth cause of action in the Complaint, Defendant alleges that neither Plaintiffs nor and/or the similarly situated employees they purport to represent have suffered any injury as a result of any alleged violation of Labor Code section 226 and therefore are barred from recovering penalties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Improper Remedy Sought – 17200)

As a separate and affirmative defense to Plaintiffs' tenth cause of action under Business & Professions Code sections 17200, *et seq.*, Defendant alleges that it is barred to the extent that it seeks a remedy other than restitution or injunctive relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Abstention/Preemption – 17200)

As a separate and affirmative defense to Plaintiffs' tenth cause of action under Business & Professions Code sections 17200, *et seq.*, Defendant alleges that its conduct is regulated by a detailed and comprehensive enforcement scheme established under California law and Plaintiffs' claims under Business & Professions Code sections 17200, *et seq.* purport to establish an impermissible form of state court regulations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Absolute Bar to Relief – 17200)

As a separate and affirmative defense to Plaintiffs' tenth cause of action under Business & Professions Code sections 17200, *et seq.*, Defendant alleges that Plaintiffs' cause of action for Business & Professions Code sections 17200, *et seq.* cannot be used to state a cause of action the gist of which is absolutely barred under the California Labor Code.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

As a separate and affirmative defense to Plaintiffs' tenth cause of action under Business & Professions Code sections 17200, *et seq.*, Defendant alleges that Plaintiffs' restitution remedy is barred because they have an adequate remedy under the California Labor Code.

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cozen O'Connor
501 West Broadway, Suite 1610
San Diego, CA 92101

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Relief Barred)

While denying any wrongdoing or damage to Plaintiffs and the putative class, to the extent that Plaintiffs makes claims for injunctive and other equitable relief, those claims are barred because Plaintiffs have an adequate and complete remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Conflicts of Interest)

Certain of the interests of one or more sub-groups of the members of the alleged class of persons Plaintiffs purport to represent are in conflict with certain of the interests of one or more other sub-groups of the members of the alleged class of persons which Plaintiffs purports to represent.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Preemption)

The Complaint, and each purported cause of action alleged therein, is preempted, in whole or in part, by a federal, state or local law.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Class Action Requirements)

Plaintiff's Complaint is barred because Plaintiff cannot meet the requirements to certify a class for the claims in the Complaint, including but not limited to, (1) the proposed class is not sufficiently numerous or ascertainable; (2) common issues of law and fact do not predominate; (3) the claims of the proposed class representatives are not typical of the class; (4) the proposed class representatives cannot adequately represent the class; and, (5) a class action is not the superior means to resolve the litigation.

1

## **ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant pray as follows:

1.    Plaintiffs take nothing by the Complaint and the Complaint be dismissed with prejudice;

2.    That judgment be entered in favor of Defendant on all claims;

3.    For costs of suit and reasonable attorneys' fees incurred herein; and

4.    For such other and further relief as this Court deems proper.

Dated: May 12, 2022

COZEN O'CONNOR

By: _____
Jason Barsanti
Attorneys for Defendant
CARGILL MEAT SOLUTIONS
CORPORATION

COZEN O'CONNOR
501 WEST BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

## PROOF OF SERVICE

I, Julia A. Neymark, declare that I am employed at Cozen O'Connor, whose address is 101 Montgomery St, Suite 1400, San Francisco, CA 94104; I am over the age of eighteen (18) years and am not a party to this action.  On the below date, by the method noted below, I served the following document(s):

### DEFENDANT CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER TO COMPLAINT

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

James R. Hawkins
**JAMES HAWKINS APLC**                    Attorney for Plaintiffs:  *Richard Marin and*
9880 Research Drive, Suite 200            *Samantha Lopez*
Irvine, CA  92618

Tel:  (949) 387-7200
Fax:  (949) 387-6676

☒ **BY ELECTRONIC MAIL**:  By sending a portable document format (pdf) copy of the documents to email address: <u>James@jameshawkinsaplc.com</u>

☒ **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing on this date at Cozen O'Connor, 101 Montgomery St, Suite 1400, San Francisco, CA 94104.  I declare that I am readily familiar with the business practice of Cozen O'Connor for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒ [State]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  May 12, 2022

Julia A. Neymark

# EXHIBIT D

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>CARGILL MEAT SOLUTIONS CORPORATION, a Delaware<br>Corporation; and DOES 1-50, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>RICHARD MARIN, SAMANTHA LOPEZ, individually and on behalf<br>of all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>2/23/2022 1:50 PM<br>Superior Court of California<br>County of Fresno<br>By: I. Herrera, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* B.F. Sisk Courthouse<br>1130 O Street<br>Fresno, California 93721 | **CASE NUMBER:** 22CECG00573<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200, Irvine, California 92618; Tel: (949)387-7200

| | | | |
|---|---|---|---|
| DATE: 2/23/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | I. Herrera | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Cargill Meat Solution Corp

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James Hawkins, (#192925); Gregory Mauro (#222239); Michael Calvo (#314986)<br>Lauren Falk (#316893); Ava Issary (#342252)<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200 Irvine, CA 92618<br>TELEPHONE NO.: (949)387-7200      FAX NO.: (949) 387-6676<br>ATTORNEY FOR *(Name):* Richard Marin and Samantha Lopez | FOR COURT USE ONLY<br><br>E-FILED<br>2/23/2022 1:50 PM<br>Superior Court of California<br>County of Fresno<br>By: I. Herrera, Deputy |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Fresno | |
| STREET ADDRESS: 1130 O Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Fresno, CA 93721 | |
| BRANCH NAME: B.F. Sisk Courthouse | |

| CASE NAME: |
|---|
| Marin and Lopez vs. Cargill Meat Solutions Corporation |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22CECG00573<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☐ punitive
4. Number of causes of action *(specify):* 10
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 23, 2022
Gregory Mauro, Esq.
_____                      ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                                          Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>2/23/2022<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br>**Richard Marin vs. Cargill Meat Solutions Corporation / COMPLEX / CLASS ACTION** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**22CECG00573** |

**To All Parties and their Attorneys of Record:**    **James R Hawkins**
**James Hawkins APLC**
**9880 Research Dr Suite 200**
**Irvine CA 92618**

---

This case has been assigned to **Rosemary McGuire**, Judge for **all purposes.**
All future hearings will be scheduled before this assigned judge, in **Department 502**

---

You are required to appear at a Case Management Conference on **06/23/2022** at **3:28 PM** in **Department 502** of the Court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:   **2/23/2022**  _____    Clerk, by   **Astrid Herrera**  _____ , Deputy

---

CV-48 R07-21        **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE**
**FOR ALL PURPOSES**
**OPTIONAL**

APR 1 5 2022

# CERTIFICATE OF SERVICE

I, Julia A. Neymark, declare that I am employed at Cozen O'Connor, whose address is 101 Montgomery St, Suite 1400, San Francisco, CA 94104; I am over the age of eighteen (18) years and am not a party to this action.  On the below date, by the method noted below, I served the following document(s):

**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446, AND 1453 WITH EXHIBITS A-D**

**DEFENDANT'S CORPORATE DISCLOSURE STATEMENT**

**CIVIL COVER SHEET**

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

James R. Hawkins
**JAMES HAWKINS APLC**                         Attorney for Plaintiffs:  *Richard Marin and*
9880 Research Drive, Suite 200                   *Samantha Lopez*
Irvine, CA  92618

Tel:  (949) 387-7200
Fax:  (949) 387-6676

☒ **BY ELECTRONIC MAIL**:  By sending a portable document format (pdf) copy of the documents to email address: James@jameshawkinsaplc.com

☒ **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing on this date at Cozen O'Connor, 101 Montgomery St, Suite 1400, San Francisco, CA 94104.  I declare that I am readily familiar with the business practice of Cozen O'Connor for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒ [Federal]  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated:  May 13, 2022

_____
Julia A. Neymark

COZEN O'CONNOR
101 MONTGOMERY ST., SUITE 1400
SAN FRANCISCO, CA 94104