JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Ava Issary, Esq. (#342252)
Lauren Falk, Esq. (#316893)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com

Attorneys for Plaintiffs RICHARD MARIN and SAMANTHA LOPEZ,
Individually and on behalf of all others similarly situated.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARIN, SAMANTHA LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs ,<br><br>v.<br><br>CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 1:22-cv-00578-ADA-SKO<br>HON. ANA DE ALBA<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.    **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194;**<br>2.    **Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders;**<br>3.    **Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512;**<br>4.    **Failure to Pay Timely Wages Required by Labor Code § 203;**<br>5.    **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226;**<br>6.    **Failure to Provide Day of Rest as Required by Labor Code §§ 551 and 552;**<br>7.    **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802;**<br>8.    **Failure to Accurately Record and Pay Sick Leave as Required by Labor Code § 246;**<br>9.    **Unlawful Deductions pursuant to Labor Code § 221;** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10.     **Violation of Business & Professions Code § 17200, et seq.**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs RICHARD MARIN and SAMANTHA LOPEZ ("Plaintiffs "), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby file this Complaint against CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive, (collectively "Defendants") and alleges on information and belief as follows:

## I.   **JURISDICTION AND VENUE**

1.      The United States District Court for the Central District of California has jurisdiction over this case by virtue of original jurisdiction pursuant to 28 U.S.C. § 1332. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims alleged herein arising under the California Labor Code. .

2.      This Court has personal jurisdiction over the Defendant because it has sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail itself of the markets within this State through the promotion, sale, marketing, and distribution of its services. .

3.      Venue is proper in the Eastern  District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants conduct business in the Fresno County, California and each Defendants is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Anaheim and elsewhere in California.  Defendants employ numerous Class Members in Fresno and throughout California. Defendants are corporations.

4.      Defendants are corporations engaged in the processing of meat and are doing business in the state of California. On information and belief, Defendants have conducted business within the State of California during the purported liability period and continue to conduct business throughout the State of California.  The unlawful acts alleged herein have had a direct effect on Plaintiffs, and the similarly situated non-exempt employees throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees. .

## II. **PARTIES**

5.     Plaintiffs RICHARD MARIN and SAMANTHA LOPEZ were, at all times relevant to this action, residents of California.

6.     Plaintiff RICHARD MARIN was employed by Defendants approximately in December 2015 as a Non-Exempt Employee Plaintiff RICHARD MARIN worked during the liability period for Defendants until separation from Defendants' employ in approximately June 2021.

7.     Defendants employed Plaintiff SAMANTHA LOPEZ approximately in December 2020 as a Non-Exempt Employee with the title of meat trimmer and butcher. Plaintiff SAMANTHA LOPEZ worked during the liability period for Defendants until separation from Defendants' employ in approximately March 2021. Plaintiff SAMANTHA LOPEZ's duties included but was not limited to trimming and butchering meat for the Fresno county job site.

8.     Defendants CARGILL MEAT SOLUTIONS CORPORATION, a Delaware corporation, operates as a Beef Processing Plant. Plaintiffs estimate there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the four years.

9.     Other than identified herein, Plaintiffs are unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but are informed and believe and thereon allege that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint when their true names and capacities are ascertained.

10.     Plaintiffs are informed and believe and thereon allege that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other

1 defendants.

## III. CLASS ACTION ALLEGATION

3      11.    Plaintiffs brings this action individually and on behalf of all others similarly

4 situated as a class action pursuant to Fed. R. Civ. P. Rule 23(a)(1)-(4) and 23(b)(3). The members

5 of the Class are defined as follows:

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiffs ' Class" or "Class Members").

12.    Plaintiffs also seeks to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

> **Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

> **Sub-Class 3:** All Class Members who are or were employed by Defendants at any time between February 2021 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

> **Sub-Class 4:** All Class Members who have been employed by Defendants at any time between February 2019 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass").

> **Sub-Class 5:** All Class Members who did not receive reimbursements for necessary business expenses by Defendants. (hereinafter collectively referred to as the "Business Reimbursement Subclass").

> **Sub-Class 6:** All Class Members who did not receive accurate sick pay by Defendants. (hereinafter collectively referred to as the "Sick Pay Subclass").

> **Sub-Class 7:** All Class Members who did not receive a day's rest in seven by Defendants. (hereinafter collectively referred to as the "Day Rest in Seven Subclass").

> **Sub-Class 8:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

13.    Plaintiffs reserve the right  to amend or modify the class definition with respect to

issues or in any other ways. Plaintiffs are members of the Class as well as each of the Sub-Classes.

14.     The term "Class" includes Plaintiffs and all members of the Class and each of the Sub-Classes, if applicable. Plaintiffs seek class-wide recovery based on the allegations set forth in this complaint.

15.     There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

16.     <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of all of them as Plaintiffs is impracticable. While the exact number of the Class members is unknown to Plaintiffs at this time, Plaintiffs is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

17.     <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

    i.      Whether Defendants failed to pay minimum wage compensation to Plaintiffs and Class Members for all hours worked;

    ii.     Whether Defendants failed to accurately pay overtime to Plaintiffs and Class Members;

    iii.    Whether Defendants failed to allow Plaintiffs a day of rest in seven as required by Labor Code §§ 551 and 552;

    iv.     Whether Defendants failed to reimburse necessary business expense pursuant to Labor Code § 2802;

    v.      Whether Defendants violated Labor Code §§ 226.7, 512, and applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiffs and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

    vi.     Whether Defendants violated Labor Code §§ 226.7, 512 and applicable

IWC Wage Orders, by failing to provide a meal period to Plaintiffs and Class Members on days they worked work periods in excess of five and ten hours and failing to compensate said employees one hour wages in lieu of meal periods;

       vii.     Whether Defendants failed to maintain accurate time record including recording Plaintiffs and Class Members' meal periods pursuant to Labor Code § 1174.5 and the applicable IWC Wage Orders;

       viii.     Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226;

       ix.     Whether Defendants provided timely payment of all wages owed to Plaintiffs at the time of separation from Defendants employ, pursuant to Labor Code 203;

       x.     Whether Defendants unlawfully deducted wages from Plaintiffs in violation of Labor Code 221;

       xi.     Whether Defendants accurately paid sick pay wages to Plaintiffs , pursuant to Labor Code 246;

       xii.     Whether Defendants violated Business and Professions Code and Labor Code §§ 201-203, 221, 226, 246, 510, 512, 551, 552, 558, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

       xiii.     Whether Plaintiffs and the Members of the Plaintiffs' Class are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.*

       xiv.     Whether Plaintiffs and the Members of the Plaintiffs Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code §§ 558, 1194 and 1197.

      18.   <u>Typicality</u>. Plaintiffs ' claims herein alleged are typical of those claims that could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiffs and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and

statutes as alleged herein.

19.     Adequacy. Plaintiffs are qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledge an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiffs ' attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

20.     Superiority. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

21.     Public Policy Considerations: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

### IV. **FACTUAL ALLEGATIONS**

22.     At all times set forth herein, Defendants employed Plaintiffs and other persons in

the capacity of non-exempt positions, however titled, throughout the state of California.

23.    Plaintiffs are informed and believe Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

24.    Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties related to Defendants' Beef Processing Plant.

25.    Plaintiffs are informed and believe, and thereon allege, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

26.    On information and belief, during the relevant time frame, Plaintiffs and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

27.    During the relevant time frame, Defendants compensated Plaintiffs and Class Members based upon an hourly rate.

28.    On information and belief, during the relevant time frame, Plaintiffs and Class Members typically worked seven (7) days a week.

29.    Plaintiffs are informed and believe that the Class Members were required to keep similar schedules.

30.    In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the employee's correct rate of pay per hour for overtime.

31.    Defendants also failed to properly calculate Plaintiffs ' and the Class Members' regular rate of pay including but not limited to by failing to include all forms of compensation/remuneration in the regular rate including but not limited to bonuses, incentives, commissions, training and orientation pay, shift differential pay, and other compensation for overtime calculation purposes.

32.    On information and belief, Plaintiffs and Class Members allege that their paystubs

showed that overtime was paid at only 1.5 times the base rate and that bonuses were not blended into the overtime rate. At certain pay periods, the hourly rate reflected as being lower than their actual rates and that overtime was even slightly lower than 1.5 times the base rate.

33.     Defendants failed to adjust double time rates.

34.     Defendants failed to adjust overtime rates for two non-discretionary bonuses.

35.     On information and belief, Plaintiffs and Class Members allege that paystubs show that Plaintiffs were paid bonuses but sick pay was not paid at the regular rate of pay during the same pay period a bonus was provided.

36.     Defendants failed to adjust sick pay rates.

37.     Defendants distributed paystubs that reflect a penalty pay without listing hour and/or units nor reasons for the penalty, further violating Labor Codes 226 and 221.

38.     Plaintiffs and Class Members were required to perform COVID-19 screening tests before clocking in for work without being compensated at overtime or minimum wage rates.

39.     Plaintiffs and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

40.     Plaintiffs and Class Members missed meal breaks several times a week and had late meal periods. Defendants failed to pay premium wages for missed, short or late meal breaks.

41.     On information and belief, during the relevant time period, Defendants would modify Plaintiffs ' and Class Members' time to include lawfully required meal periods even during times when Plaintiffs and Class Members did not receive a full 30-mintues of uninterrupted time for meal periods.

42.     Plaintiffs and Class Members were required to forgo meal periods on a consistent basis.

43.     Indeed, during the relevant time, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiffs and the Class Members timely, legally complaint uninterrupted 30-minute meal periods on shifts over five hours as required by law.

44.     Similarly, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiffs and the Class Members legally compliant second meal periods on shifts over ten hours as required by law.

45.     Plaintiffs and Class Members were required to keep their personal cellphones on their persons at all times during their shifts in order to respond to work related calls, outside of work hours and during their meal periods, resulting in a disproportionate underpayment of minimum and overtime wages due to this off-the-clock worked performed.

46.     On information and belief, Plaintiffs and Class Members did not waive their rights to meal periods under the law.

47.     Plaintiffs and the Class Members were not provided with valid lawful on-duty meal periods.

48.     Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiffs , and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

49.     Plaintiffs are informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiffs and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

50.     In addition, during the relevant time frame, Plaintiffs and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, including third rest breaks which is a violation of the Labor Code and IWC wage order.

51.     Plaintiffs and Class Members were required to keep their personal cellphones and their persons at all times during their shifts in order to respond to work related calls, even during rest breaks.

52.     Defendants failed to pay Plaintiffs and Class Members for COVID-19 leave.

53.     Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiffs and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to provide relief for Plaintiffs and Class Members to take their lawfully required breaks.

54.     Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiffs , and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

55.     Defendants also failed to reimburse Plaintiffs and Class Members for business expenses incurred pursuant to Labor Code section 2802. Plaintiffs and Class Members were required to use their personal cellphones during work hours in order to fulfill their duties. For instance, Plaintiff RICHARD MARIN had to use his personal phone because here was not enough radios/walkie talkies for him to use. Plaintiff RICHARD MARIN also was required to drive inside the warehouse during work hours using his own vehicle. He had to use the vehicle regularly to fulfill his duties, of which are not limited to, of driving back and forth opposite ends of the large warehouse to check alarms on trailers. Defendant failed to reimburse Plaintiff and Class Members for personal cell phone use and mileage.

56.     In addition, upon information and belief, Plaintiffs alleges that Defendants violated Labor Code 551 and 552 by failing to allow Plaintiffs and Class Members a day of rest as they were frequently required to work more than seven continuous days. Additionally, Plaintiffs and Class Members were not paid a premium wage for the rest days they were asked to work, as required to be paid by law.

57.     Defendants failed to provide accurate, lawful itemized wage statements to Plaintiffs and the Class Members in part because of the above-specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of total hours worked, including premiums due and owing for meal and rest period violations, overtime pay, gross pay

1  and net pay figures from Plaintiffs and the Class Members ' wage statements.

2      58.    On information and belief, Plaintiffs and Class Members allege that paystubs

3  reflected an "Empl Company Equp" deduction, Plaintiffs are unaware of what this deduction is

4  for, nor do they recall authorizing such deductions.

5      59.    On information and belief,  Defendants failed to accurately list shift differentials, in

6  violation of Labor Code 226.

7      60.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

8  mentioned, Defendants knew that at the time of termination of employment (or within 72 hours

9  thereof for resignations without prior notice as the case may be) they had a duty to accurately

10  compensate Plaintiffs and Class Members for all wages owed including minimum wages, meal

11  and rest period premiums, and that Defendants had the financial ability to pay such compensation,

12  but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the

13  above-specified violations.

14      61.    Upon information and belief, Defendants knew and or should have known that it is

15  improper to implement policies and commit unlawful acts such as:

16      (a)    requiring employees to work four (4) hours or a major fraction thereof without

17  being provided a minimum ten (10) minute rest period and without compensating the employees

18  with one (1) hour of pay at the employees' regular rate of compensation for each workday that a

19  rest period was not provided;

20      (b)    requiring employees to work in excess of five (5) hours or ten (10) hours per day

21  without being provided an uninterrupted thirty minute meal period and/or a second meal period,

22  and without compensating employees with one (1) hour of pay at the regular rate of compensation

23  for each workday that such a meal period was not provided;

24      (c)    failing to pay overtime and minimum wages;

25      (d)    failing to provide accurate itemized wage statements;

26      (e)    failing to timely pay Plaintiffs and Class Members;

27      (f)    failure to provide a day's rest in seven;

28      (g)    unlawfully deducting from wages;

(h)     failing to accurately pay sick pay;

(i)     failure to reimburse business expenses; and

(j)     conducting and engaging in unfair business practices.

62.     In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiffs and Class Members for the allegations asserted herein, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

63.     Defendants unlawfully failed to distribute service charges to service employees such as Plaintiffs and Class Members as required by law.

64.     Plaintiffs and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES INCLUDING OVERTIME

### (Against All Defendants)

65.     Plaintiffs Incorporate and re-allege each and every allegation contained above as though fully set forth herein.

66.     At all times relevant, the IWC wage orders applicable to Plaintiffs and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

67.     At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiffs and Class Members are to be paid minimum wage for each hour

worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

68.     At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203.

69.     Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

70.     At all times relevant, Plaintiffs and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

71.     At all times relevant, Plaintiffs and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately calculate overtime pay to Plaintiffs and Class Members.

72.     Defendants further failed to incorporate bonuses, shift differentials, and other remunerations into the employees' regular rates of pay for purposes of calculating overtime.

73.     At all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiffs and Class Members.

74.     Accordingly, Defendants owe Plaintiffs and Class Members minimum and

1   overtime wages, and have failed to pay Plaintiffs and Class Members their wages owed.

2       75.    Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiffs and Class Members are

3   entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and

4   attorneys' fees.

5   **SECOND CAUSE OF ACTION**

6   **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

7   **(Against All Defendants)**

8       76.    Plaintiffs Incorporate and re-allege each and every allegation contained above as

9   though fully set forth herein.

10       77.    Pursuant to Labor Code §512, no employer shall employ an employee for a work

11   period of more than five (5) hours without providing a meal break of not less than thirty (30)

12   minutes in which the employee is relieved of all of his or her duties. An employer may not employ

13   an employee for a work period of more than ten (10) hours per day without providing the

14   employee with a second meal period of not less than thirty (30) minutes, except that if the total

15   hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual

16   consent of the employer and the employee only if the first meal period was not waived.

17       78.    Pursuant to the IWC wage orders applicable to Plaintiffs and Class Members'

18   employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of

19   the work of the employee must prevent an employee from being relieved of all duties relating to

20   his or her work for the employer and the employees must consent in writing to the "on duty" meal

21   period. On information and belief, Plaintiffs and Class Members did not consent in writing to an

22   "on duty" meal period. Further, the nature of the work of Plaintiffs and Class Members was not

23   such that they were prevented from being relieved of all duties. Despite the requirements of the

24   IWC wage orders applicable to Plaintiffs ' and Class Members' employment by Defendants and

25   Labor Code §512 and §226.7, Defendants did not provide Plaintiffs and Class Members with all

26   their statutorily authorized meal periods.

27       79.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to

28   provide Plaintiffs and Class Members, timely and uninterrupted meal periods of not less than

thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants. As a proximate result of the aforementioned violations, Plaintiffs and the other Class Members have been damaged in an amount according to proof at time of trial.

80.     By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiffs and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code §§226.7 and 512 and applicable IWC Wage Orders.

81.     Plaintiffs and the Class Members he seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their legally required meal periods. Defendants created a working environment in which Plaintiffs and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants as discussed above. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period and will be evidenced by Defendants' time records for the Class Members.

82.     As a result of the unlawful acts of Defendants described herein, Plaintiffs and the Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial. Pursuant to Labor Code §226.7, Plaintiffs and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (Against All Defendants)

83.     Plaintiffs Incorporate and re-allege each and every allegation contained above as though fully set forth herein.

84.     Pursuant to the IWC wage orders applicable to Plaintiffs and Class Members'

employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

85. Defendants were required to authorize and permit employees such as Plaintiffs and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiffs ' and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiffs and Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

86. On information and belief Defendants created a working environment in which Plaintiffs and Class Members were not provided all of their rest periods due to shift scheduling and/or work related demands placed upon them by Defendants to meet the needs of Defendants' business as discussed above. On information and belief, Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period.

87. As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code §226.7, Plaintiffs and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiffs and the Class, plus interest and penalties thereon, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY TIMELY PAY WAGES**

**(Against All Defendants)**

88.     Plaintiffs Incorporate and re-allege each and every allegation contained above as though fully set forth herein.

89.     Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

90.     Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

91.     During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiffs and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

92.     As a result, Defendants are liable to Plaintiffs and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Against All Defendants)**

93.     Plaintiffs Incorporate and re-allege each and every allegation contained above as though fully set forth herein.

94.     Section 226(a) states that An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check,

draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer.

95.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the Class including applicable hourly rates among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiffs and the Class.

96.     IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiffs and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

97.     Defendants have failed to accurately record all time worked.

98.     Defendants failed to list the applicable hourly rates of pay and hours worked.

99.     Defendants have also failed to accurately record the meal and rest period premiums owed and all wages owed per pay period.

100.    Plaintiffs and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

101.    Pursuant to Labor Code section 226, Plaintiffs and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

102.     Pursuant to Labor Code section 226.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE DAY OF REST**

**(Against All Defendants)**

103.     Plaintiffs Incorporate and re-allege each and every allegation contained above as though fully set forth herein.

104.     Labor Code Section 551 requires "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

105.     Labor Code Section 552 mandates that "[n]o employer of labor shall cause his employees to work more than six days in seven."

106.     Plaintiffs and Class Members were frequently required to work more than seven continuous days and were deprived of a day rest in seven.

107.     As a result of the unlawful acts of Defendant, Plaintiffs and Class Members have been damaged in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

**(Against All Defendants)**

108.     Plaintiffs Incorporate and re-allege each and every allegation contained above as though fully set forth herein.

109.     Labor Code § 2802 requires Defendants to indemnify Plaintiffs and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiffs and on information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of

their personal cellphone usage, personal vehicle usage, and personal funds usage as described above, which was incurred as a direct consequence of the discharge of duties by Plaintiffs and Class Members. Despite these realities of the job, Defendants failed to provide reimbursements.

110.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

111.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO ACCURATELY RECORD AND PAY SICK LEAVE AS REQUIRED**

**(Against All Defendants)**

112.    Plaintiffs incorporate and re-allege each and every allegation contained above as though fully set forth herein.

113.    Labor Code Section 246(i) provides that: "an employer shall provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages. If an employer provides unlimited paid sick leave or unlimited paid time off to an employee, the employer may satisfy this section by indicating on the notice or the employee's itemized wage statement 'unlimited.' The penalties described in this article for a violation of this subdivision shall be in lieu of the penalties for a violation of Section 226."

114.    Labor Code § 246 provides that the employer shall calculate paid sick leave by using one of two calculations: (1) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek;" or (2) "Paid sick

time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

115.    Whenever Defendant paid Plaintiffs and Class Members sick time pursuant to California Labor Code § 246, Defendant did so at the incorrect rate of pay. Defendant paid Plaintiffs and the Class Members at the incorrect rate of pay and/or base hourly rate of pay, as opposed to the regular rate of pay, which would take into account all night premiums and/or shift differentials, or by dividing the employees' total wages, not including overtime premium pay, by the employees' total hours worked in the full pay periods of the prior 90 days of employment, as required by Labor Code § 246. This resulted in the employees being underpaid for sick time, and resulted in violations of California Labor Code §§ 201, 202, and 203, and other derivative Labor Code violations, because Defendant did not pay, or timely pay, Plaintiffs and the unpaid wages for work performed by them during their employment and at the end of their employment.

116.    As a result of the unlawful acts of Defendant, Plaintiffs and Class Members have been deprived of sick pay in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**NINTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTION OF WAGES**

**(Against All Defendants)**

117.    Plaintiffs incorporate and re-allege each and every allegation contained above as though fully set forth herein.

118.    Labor Code § 221 provides that: "It shall be unlawful for any employer to collect or receive form an employee any part of wages therefore paid by said employer to said employee."

119.    Labor Code § 223 provides "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

120.    During the relevant time period, Defendants have unlawfully taken deduction from Plaintiffs and Class Members compensation for Defendants' ""Empl Company Equp deduction"

as well as unnamed and unquantified penalty pay listed on employee paystubs. Because of these unlawful deductions from Plaintiffs ' and Class Members' compensation, they are liable to Plaintiffs and Class Members for the compensation that should have been paid but for the unlawful deductions pursuant to Labor Code §§ 221 and 223 and applicable IWC Wage Orders.

121.    As a result, Defendants are liable to Plaintiffs and Class members for penalties, reasonable attorneys' fees, and costs pursuant to Labor Code 1194.

**TENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.**

**(Against All Defendants)**

122.    Plaintiffs Incorporate and re-allege each and every allegation contained above as though fully set forth herein.

123.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs and Class Members, Defendants' competitors, and the general public. Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

124.    Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

125.    A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. Defendants' policy of failing to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide a day's rest in seven, failing to pay sick pay accurately, unlawfully deducting from wages, failing to pay all wages timely at separation, failing to provide accurate itemized wage statements and failing to provide Plaintiffs and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code § 203, § 221, § 226, § 246, § 551, § 552, § 226.7, § 1194, § 2802 and applicable IWC Wage Orders and California Code of Regulations.

126.    Plaintiffs and Class Members have been personally aggrieved by Defendants'

1    unlawful and unfair business acts and practices alleged herein by the loss of money and/or
2    property.

3        127.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiffs
4    and Class Members are entitled to restitution of the wages withheld and retained by Defendants
5    during a period that commences four (4) years prior to the filing of this complaint; an award of
6    attorneys' fees, interest; and an award of costs.

7                    **ELEVENTH CAUSE OF ACTION**

8        **PURSUANT TO PRIVATE ATTORNEYS GENERAL ACT OF 2004**

9            **(By Plaintiff and Class Against All Defendants)**

10       128.    Plaintiffs Incorporate and re-allege each and every allegation contained above as
11   though fully set forth herein.

12       129.    Pursuant to Labor Coe § 2699.3, (a) A civil action by an aggrieved employee
13   pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in
14   Section 2699.5 shall commence only after the following requirements have been met.

15       (1) The aggrieved employee or representative shall give written notice by certified mail to
16           the Labor and Workforce Development Agency and the employer of the specific
17           provisions of this code alleged to have been violated, including the facts and theories to
18           support the alleged violation.

19       (2) (A) The agency shall notify the employer and the aggrieved employee or representative
20           by certified mail that it does not intended to investigate the alleged violation within
21           sixty (60) calendar days of the postmark date of the notice received pursuant to
22           paragraph (1). Upon receipt of that notice or if no notice is provided within sixty-five
23           (65) calendar days of the postmark date of the notice given pursuant to paragraph (1),
24           the aggrieved employee may commence a civil action pursuant to Section 2699.

25       130. On February 23, 2022 Plaintiffs complied with notice requirements pursuant to Labor
26   Code section 2699.3. A copy of the letter sent to the LWDA is attached hereto as **Exhibit A**,
27   indicating that the LWDA and Defendants were put on notice of the claims alleged here and that
28   the notice requirement has been satisfied. Sixty-five days have passed and the LWDA has not

1  indicated intent to investigate the claims. Therefore, Plaintiffs may proceed with this action in a

2  representative capacity. The substance and violations set forth in this Complaint of which the

3  LWDA was provided timely notice, Plaintiffs have also sent a copy of this PAGA Representative

4  Action Complaint to the LWDA.

5      131.      Plaintiffs are aggrieved employees as defined in Labor Code Section 2699(a).

6  Plaintiffs bring this cause of action on behalf of all current and former California Non-Exempt

7  Employees of Defendants.

8      132.      Pursuant to Labor Code section 2699(a) Plaintiffs seek to recover civil penalties for

9  which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint,

10  including without limitation Labor Code section 201-203, 221, 226, 246, 510, 512, 551, 552, 558,

11  226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802, and 2698 *et seq.,* applicable

12  IWC Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, as a result of

13  Defendants' alleged: (a) failure to pay wages including overtime and minimum wages; (b) failure

14  to provide meal periods for every work period exceeding more than five (5) or ten (10) hours per

15  day and failure to pay an additional hour's of pay or accurately pay an additional hour's of pay in

16  lieu of providing a meal period; (c) failure to provide rest breaks for every four hours or major

17  fraction thereof worked and failure to pay an additional hour's of pay or accurately pay an

18  additional hour's of pay in lieu of providing a rest period; (d) failing to pay all wages earned and

19  owed upon separation from Defendant's employ; (e) failing to provide accurate itemized wage

20  statements; (f) failing to provide a day's rest in seven; (g) failing to accurately pay sick pay; (h)

21  failing to reimburse expenses; and (i) unlawfully deducting wages.

22      133.      Further, during the liability period, Plaintiffs and Aggrieved Employees were not

23  provided suitable seating and when such employees were not engaged in duties which required

24  them to stand, no seating was placed in reasonable proximity to their work stations. For instance,

25  Defendants' management would not provide chairs or stools behind the cash register as

26  Defendants' management believed it would interfere with the cashier's duties. Thus, Defendants

27  did not provide Plaintiffs and Aggrieved Employees with suitable seating in accordance with

28  applicable IWC Wage Order 1-2001 (14)(A)-(B) and California law despite the fact that the nature

1  of their work reasonably permits use of seats.

2  134.    Upon information and belief, Defendants knew and or should have known that it is

3  improper to implement policies and commit unlawful acts such as: failing to provide suitable

4  seating.

5  135.    As a result of their unlawful acts, Plaintiff and the proposed class are entitled to

6  civil penalties pursuant to Labor Code Private Attorney General Act of 2004, Labor Code §2698

7  et. seq.

8  **PRAYER FOR RELIEF**

9  WHEREFORE, Plaintiffs prays for judgment against Defendants, as follows:

10  Class Certification

11  1.    That this action be certified as a class action;

12  2.    That Plaintiffs be appointed as the representative of the Class;

13  3.    That Plaintiffs be appointed as the representative of the Subclass; and

14  4.    That counsel for Plaintiffs is appointed as counsel for the Class and Subclass.

15  On the First Cause of Action

16  1.    For compensatory damages equal to the unpaid balance of minimum wage

17  compensation and overtime owed to Plaintiffs and Class members as well as interest and costs;

18  2.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

19  3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and

20  interest thereon pursuant to Labor Code §§ 1194.2, 558;

21  4.    For such other and further relief as the Court deems proper.

22  On the Second Cause of Action

23  1.    For one (1) hour of premium pay for each day in which a required meal period was

24  not provided or not provided in a timely manner; and

25  2.    For such other and further relief as the Court deems proper.

26  On the Third Cause of Action

27  1.    For one (1) hour of premium pay for each day in which a required rest period was

28  not authorized or permitted; and

2. For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1. For statutory penalties pursuant to Labor Code §203;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1. For statutory penalties pursuant to Labor Code §226;

2. For interest for wages untimely paid;

3. For penalties pursuant to Labor Code §226.3; and

4. For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1. For penalties pursuant to Labor Code §558; and

2. For such other and further relief as the Court deems proper

On the Seventh Cause of Action

1. For statutory penalties pursuant to Labor Code §2802;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Eighth Cause of Action

1. For unpaid sick leave;

2. For penalties pursuant to Labor Code § 203;

3. For interest;

4. For reasonable attorneys' fees and costs pursuant to statute; and

5. For such other and further relief as the Court deems proper

On the Ninth Cause of Action

1. For unlawful deductions;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper

- 26 -
FIRST AMENDED CLASS ACTION COMPLAINT

1

2                                     <u>On the Tenth Cause of Action</u>

3          1.          That Defendants, jointly and/or severally, pay restitution of sums to Plaintiffs and

4   Class Members for their past failure to accurately pay overtime, failing to pay minimum wages,

5   failing to reimburse expenses, failing to provide a day's rest in seven, failing to provide accurate

6   itemized wage statements and failing to provide Plaintiffs and the Class with meal periods and rest

7   breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or

8   provided outside of the required time frames as described herein to Plaintiffs and Class Members

9   over the last four (4) years in an amount according to proof;

10         2.          For pre-judgment interest on any unpaid wages due from the day that such amounts

11  were due;

12         3.          For reasonable attorneys' fees that Plaintiffs and Class Members are entitled to

13  recover;

14         4.          For costs of suit incurred herein; and

15         5.          For such other and further relief as the Court deems proper.

16                                    <u>On the Eleventh Cause of Action</u>

17         1.   For penalties according to proof, pursuant to Labor Code §§ 2698 et seq.;

18         2.          For reasonable attorneys' fees and costs; and

19         3.          For such other and further relief as the Court deems proper.

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs and members of the Class and Subclass request a jury trial in this matter.

3

4

5

Dated: October 19, 2023                                    JAMES HAWKINS APLC

6

By: _____

7

JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.

8

MICHAEL CALVO, ESQ.
AVA ISSARY, ESQ.

9

LAUREN FALK, ESQ.
Attorneys for Plaintiffs individually and on

10

behalf of all others similarly situated.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# JAMES *ℋℋ* HAWKINS

**A PROFESSIONAL LAW CORPORATION**
9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

**February 23, 2022**

**Via LWDA Website**
Labor and Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA  94612
 http://www.dir.ca.gov/Private-Attorneys-General-Act

**Via Certified Mail**
CARGILL MEAT SOLUTIONS CORPORATION, a Delaware Corporation; and DOES
1-50, inclusive
Agent for Service of Process: UNITED AGENT GROUP INC.
4640 Admiralty Way, 5th Floor
Marina Del Rey, CA 90292
Receipt No. 7021 2720 0003 1232 5993

**Re:    NOTICE PURSUANT TO LABOR CODE SECTIONS 2698, *et seq.***

To Whom It May Concern:

PLEASE TAKE NOTICE that Plaintiffs RICHARD MARIN and SAMANTHA LOPEZ,
individually and on behalf of all similarly situated representative aggrieved employees,
give NOTICE to commence and/or amend a civil action pursuant to California Labor
Code Sections 2698, *et seq.* Plaintiffs hereby give written notice by certified mail to the
Labor and Workforce Development Agency, CARGILL MEAT SOLUTIONS
CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive, through its Agent
for Service of Process.

Plaintiffs hereby attaches a copy of the Proposed PAGA Representative Action
Complaint to be filed in the Fresno County Superior Court, as though fully set forth
herewith setting out the specific provisions of the Labor Code Plaintiff alleges have been
violated, including the facts and theories.  <u>All labor provisions in the Proposed PAGA
Representative Action Complaint alleged to have been violated pertain to all entities and
individuals named in the Complaints, even if not expressly specified.</u>

Please advise within sixty (60) days of the post mark on this letter if the LWDA intends to investigate these claims.  Thank you, and if you have any questions, please do not hesitate to contact me.


Very Truly Yours,

Gregory Mauro

Enclosure:  Proposed PAGA Representative Action Complaint

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on October 19, 2023, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Eastern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: October 19, 2023        _____

               Gregory Mauro, Esq.